IN

# THE SUPREME COURT

OF THE

## STATE OF KANSAS,

DURING THE TERM COMMENCING JULY, 1864.

---

JOHN LANNAN v. PATRICK CLAVIN.

*Error from Leavenworth County.*

A party cannot go through all the steps of a trial before a referee without objection, and then invoke the action of the court to set it aside because of error in the proceedings of the referee.

In an action where each party asks for an accounting between partners, and where the petition sets forth a partnership in the grocery and in the farming business, and the answer admits the partnership in the farming but at first denies partnership in the grocery business and afterwards sets out that the partnership in the grocery business commenced at another time and had been closed up by dissolution, and where the report of the referee finds a partnership in the farming and in the grocery business and takes an accounting therein; *Held* that by every principle of construction the part of the answer admitting the partnership, must be taken as true; *Held* that there was no issue as to the existence of such copartnership, and that in the. taking of an account by the referee under a special reference to state an account, the referee did not supercede his authority.

The referee in stating an account would be compelled as a preliminary, to find the time of commencement and termination of a partnership, if that were a fact, and its extent and character.

Where the referee in such case does not in his report present the account in detail, but gives as a reason, that the partners kept no books, that the evidence relating thereto was voluminous and contradictory; *Held* the report being full as to the grounds of its conclusions, an omission to present a detail of the accounts is not error.

3

The amount of the assets of the partnership was an essential part of the facts necessary to be presented, and this is not changed because a part of these assets were *realty*.

Where the report shows the relative interests of the partners in the partnership assets, that the interest of the plaintiff below was greater than that of defendant by $486.51 with interest, and deduces as a legal conclusion that plaintiff ought to have judgment against the defendant for that amount; *Held* that such conclusion of law is reviewable; *Held* also that defendant owed that amount to the firm, not to plaintiff, and that judgment by the court for that amount in favor of plaintiff against the defendant, was error.

This case arose in Leavenworth county.

The petition below sets forth an equal partnership commencing April 1858, in farming and grocery business for an indefinite period, alleging that plaintiff put in $1,000, and defendant $600; that the partnership was never dissolved; that defendant converted to his own use without accounting therefor partnership moneys; a demand of settlement and refusal, praying for a dissolution of the partnership, an accounting and judgment.

The answer denies the partnership in the grocery keeping and farming business, and sets up a partnership in the grocery business, commencing August 1858, and continuing to April 1859, at which time the partnership was dissolved and wound up, and sets forth an equal partnership commencing December 1859 in farming, giving sums furnished and receipts by each respectively, claiming a balance due defendant, praying for an accounting and judgment.

The case was referred to "Hiram Griswold, special referee, to state an account between the parties herein with instructions to report," &c.

A report was filed by the referee finding substantially, 1st. That the parties were partners in the grocery business and in farming, each sharing equally. 2d. That plaintiff advanced $1,012.42, and defendant $425.91, and that plaintiff is entitled to judgment against the defendant for the difference, viz: $486.51, with interest from April 15th, 1859.

3d. That the parties hold certain partnership real property, describing it, with title in defendant, and that plaintiff is entitled to a deed for a moiety thereof. 4th. That the interest of defendant in said property is liable for the balance due plaintiff.

A motion was made to strike out portions of the report, and a motion to set it aside, which motions were overruled; to which rulings of the court defendant excepted, and also excepted to the entry of judgment, which was substantially confirming the report of the referee, that plaintiff, Clavin, have and recover from defendant, Lannan, $781.75, and that the partnership property be sold for cash as under execution, and the proceeds of sales of one undivided one-half of the said property to be applied, first: to the payment of the costs of this suit; second, to the payment of the judgment and the balance brought into court—each party to pay one-half the costs. The case came to this court on the exceptions taken.

The case was argued by *Ed. Sterling*, for plaintiff in error, and by *W. P. Gambell*, for defendant in error.

*B. Gray*, for plaintiff in error, submitted a brief, making the following points:

An issue having been raised by the pleadings on the partnership set out in the petition, that issue must be first settled before an account could be stated concerning that partnership. This issue certainly could not be tried by the referee under this order of reference.

This is not a reference of the whole case. It is simply a reference for the purpose of stating an account between the parties, and presumes the fact of the existence of a partnership to have been previously settled. The existence of one partnership (the one set out in the answer,) was thus previously settled by the pleadings in this case, and the referee should have confined his report to the account arising out of that partnership.

Had the order of reference been broad enough to embrace the *whole issue*, the report should have been set aside, as the fact of the existence of the partnership would not constitute an issue referable under the Code without the consent of parties, which was not given in this case.

The rule is no doubt correctly laid down that where the main issue to be established does not call for evidence of accounts between the parties, it must be first tried by the court, and if upon its decision it appears that an accounting is necessary between the parties before judgment, the court will make an interlocutory order directing such reference and suspend final judgment until the coming in of the report. *1st Vol. 2d Ed., Van Saulford's Eq. Prac., p.* 325. *See also Draper* v. *Day*, 11 *How. Prac. R.*, 439; *Cheeseborough* v. *House*, 5 *Duer*, 125; *Wilson* v. *Forsyth*, 16 *How. Prac.*, 448; *Hill* v. *McCarthy*, 3 *Code R.*, 50; *Graham* v. *Golding*, 7 *How. Prac.*, 226; *Cameron* v. *Freeman, et al.*, 18 *id.* 310. *See also 1st Vol. 2d Ed., Van Saulford's Eq. Prac., p.* 324. *Also Note, (to last authority bottom page,* 324): "The contrary doctrine which seems to be countenanced by the case of McMahan *v.* Allen, (10 How., 384,) is clearly incorrect, and that case may be regarded as overruled;" and see 27 Barb., 336.

Even had the referee in this case jurisdiction of the issue of partnership raised by the pleadings, and had he found such partnership to have existed, the report was irregular and should have been set aside for the reason that it does not state an account between the parties.

The report shows that very many items of an account were proved before him on either side during the examination as charges by the one against the other. Yet he omitted and refused to state an account as directed by the order on the ground as stated by him (page 10 of report) that "they kept no books," and that the "account could not be stated with accuracy if attempted," which are no sufficient excuses. An account which approximated to the truth

might have been made and would have answered the requirements of the law.

A statement of the amount of capital each put into the concern, and a statement of the amount one put in more than the other, cannot be regarded as such statement of an account between the parties as was contemplated by the order of reference in this, nor such an account as the law requires.

The report finds a balance of $486.51, with interest on the same from April 1859 due the plaintiff.

It also finds the farm, lots, and personal property, partnership property, purchased with partnership funds.

It finds further that the interest of defendant in said property is liable for the balance due plaintiff.

This finding is erroneous.

The balance due the plaintiff should be paid out of the partnership assets and not out of the property of defendant.

The judgment of the court is erroneous in this, that it orders an undivided half of said real estate and personal property—being the interest which defendant Lannan holds in the same—to be sold and the proceeds applied, 1st. to the payment of costs herein ; 2d. to the payment of the judgment rendered against defendant Lannan,—said judgment being for excess of capital put in by plaintiff, with interest on same.

Said judgment if paid at all should be paid out of the partnership property, and not out of defendant's property.

The plaintiff's petition does not claim any real estate to be partnership property, and of course there was no issue on that fact, and the referee was wrong in making or finding of that kind; and the court erred in granting an order for the sale of real estate, so found, as personal assets.

Had an issue of that sort been tendered by the pleadings, defendant would have been entitled to a trial by a court or jury, which he never relinquished, and on such trial

could have shown that it was not personal assets of the partnership.

*W. Gambell*, for defendant in error, submitted;

1st.   In the first place, the fact of the existence of the partnership was admittted in the defendant's answer.   The mere difference in the allegations in the pleadings as to the date of the contract is immaterial.

2d.   But, if that question was in dispute, and not referred, the defendant below offered evidence upon that point and permitted the plaintiff to do so, without objection. Having done so, he will not be allowed afterwards to make the objection that the question was not referred.

3d.   No objections were made before the referee as to the mode of proceeding, and no exceptions were made to his report.   Both parties then are concluded by this report upon this question, if the decision is sustained by sufficient evidence, and neither party·will be allowed to raise any question upon the hearing of the cause upon the referee's report, that was not made before, and passed upon by the referee.   *Ketchum* v. *Clark*, 22 *Barb.*, 319 ; *Morris* v. *Huson*, 4 *Seld.*, 204 ; *Brewer* v. *Irish*, 12 *How. Prac.*, 481 ; *Lokin* v. *Erie R. R. Co.*, 12 *id.* 412.

4th.   The referee is required to sign exceptions taken in the progress of the trial, and to return the same with his report.   None were taken on this trial.   *Comp. Laws*, 173, *Sec.* 298.

*By the Court*, KINGMAN, J.

Defendant in error brought suit against plaintiff in error to obtain dissolution of a partnership and to recover a balance which he claimed due him.

The petition states that the partnership was formed in May 1858, to do a grocery business, and that in December 1859, it was extended so as to include the business of farming on Kickapoo Island.

The answer denies the partnership in the grocery business at any time or place, and as explicitly admits a partnership in the grocery business commencing about August 1858, and avers that it was closed by dissolution in 1859, and claims that they entered into the partnership as to the farming in December 1859, claiming a large amount due him on this last partnership, and asking for an accounting therefor.

The case was referred to a special referee, to state an account between the parties.

The report of the referee was filed at the next term of the court without objection, and the cause continued.

The report finds that the partnership as to the grocery business and farming were one and the same, and that there was no dissolution, and that the plaintiff's interest in the partnership property was greater by $486.51 than that of the defendant, and that he therefore was entitled to judgment against the defendant for that sum.

At the term next after the filing of the report the defendant moved to set aside and also to strike out parts of it, both of which motions were overruled, and judgment was rendered on the report.

The evidence, which appears by the report to have been voluminous, is not in the record. No exceptions were taken on the trial before the referee to any evidence taken or any decision of the referee; while evidence was taken for both parties on all the points raised in the pleadings, or submitted in the report without objection.

So far as the referee acted within the limits of his duties, there was no ground on which to predicate a motion to set aside the report. A party cannot go through all the steps of a trial before a referee, without objection, and then invoke the action of the court to set it aside because of error in the proceeding of the referee. 22 *Barb.*, 319 ; 4 *Com.*, 284 ; 4 *Seld.*, 205.

It is claimed however, that the report should have been set aside because the referee exceeded his authority in tak-

ing testimony and passing upon questions not referred to him, and in not stating the account sufficiently in detail.

Without deciding what would be the result were the report open to these charges, we are satisfied that it is not liable to that objection. The plaintiff in error is himself in error in stating that the partnership in the grocery business was put in issue by the answer. While it is denied broadly and squarely in the first paragraph of the answer, it is as expressly and fully admitted in the next paragraph. And by every principle of construction the part admitting it must be taken as true. The answer sets up, however, a different time for the commencement of the partnership in the grocery business from the petition, and says that it had been dissolved and settled up.

Now the referee, in stating an account would be compelled as a preliminary to ascertain when the partnership commenced and when it expired, if that were the fact, and also the extent and character of the partnership. In most cases these facts would be shown by the partnership agreement, but in this case there appears to have been no written agreement, so that the duty of ascertaining them by proof became a necessity before the referee could proceed in stating the account. They were a part of the facts necessary to be ascertained in discharging that duty, and we think very properly were stated in the report, being legitimately and necessarily embraced in the order of reference.

It is further objected to the report that it does not present the account in detail. The referee in his report states, for reasons given, that such a statement is impossible. The parties kept no books. There were no reliable entries of charges. Both parties lived off the partnership business; sometimes together, and sometimes one on the farm and the other in Leavenworth at the grocery. The proof is represented as conflicting and contradictory through nearly one hundred pages. The report is full as to the grounds of its conclusions, and satisfactory in its reasons why the

Lannan v. Clavin.

account is not submitted in detail. The parties themselves had made it impossible, and as such had invoked an accounting, such an one only could be had as they had rendered it possible to make.

Again it is urged that the referee exceeded his powers by reporting what were the assets of the firm; that is, as to the real estate, because there was no allegation that there were assets in the pleading. We do not perceive how it makes any difference because a part of the assets were realty. The amount of the assets was a necessary and essential part of the facts proper to be presented in accounting of partnership business.

The report not only shows the state of facts as to the relative interest of the partners, but goes further and adds a conclusion of law which is clearly reviewable.

The report shows that the interest of the plaintiff in the concern was greater than that of the defendant by $486.51, with interest on that sum from April 15th, 1859, and deduces from that fact the legal conclusion that plaintiff ought to have judgment against the defendant for that amount. This is error of law. Defendant owed that amount to the firm, not to the plaintiff. If defendant advanced that amount to the firm, he would then have as much interest in the partnership as the plaintiff, and be entitled to an equal share in the distribution of the assets, thus getting back a moiety of the sum he had thus advanced. The court entered judgment according to the suggestion of the report.

To correct this error the case will be remanded to the District Court, with instructions to so modify its judgment as to order the sale of the entire partnership property, and out of the proceeds arising from such sale to pay, first: the costs of the proceeding; and second, the amount found by the referee to be due the plaintiff below, and the residue if any, to be divided equally between the parties.

All the justices concurring.