JOHN C. DOUGLASS v. H. P. BISHOP, *et al.*

ACTUAL POSSESSION, *When Not Proved by Tax Deed.* A tax deed executed
to a plaintiff and offered by him in evidence in an action brought by him
under ¿ 594 of the code, to quiet title to land embraced in the deed, does
not prove or tend to prove actual possession of the premises in the plain-
tiff, and a decree quieting title in favor of the plaintiff in such an action,
where the possession is controverted by the defendant, will be reversed
on proceedings in error in the supreme court, where there is a total fail-
ure of proof showing actual possession.

*Error from Jackson District Court.*

ACTION brought by *Bishop* against *Douglass* and ten others,
to quiet the title to four hundred acres of land situate in
Jackson county. Trial by the court at the April Term, 1877,
and judgment for the plaintiff. The defendant *Douglass* brings
the case to this court. The opinion states the facts.

*John C. Douglass,* plaintiff in error, for himself.

The opinion of the court was delivered by

HORTON, C. J.: This action was brought under § 594 of the
code, and the petition alleged that Bishop, defendant in er-
ror (plaintiff below) had the legal title to, and was in the
peaceable possession of, the land, describing it, and that the
plaintiff in error (one of the defendants below), with other
defendants, set up and claimed an estate and interest therein
adverse to the estate and interest of the plaintiff, and prayed
that they be compelled to show their title, and that it be ad-
judged null and void as against the plaintiff. Douglass filed
a separate answer, and therein stated that he denied each and
every allegation and averment contained in the petition, ex-
cept that he admitted that he set up and claimed an estate
and interest in the land adverse to the alleged estate and in-
terest of the plaintiff, and demanded judgment in his favor.
At the April term of the court for 1877, the case was tried
upon the issues joined, to the court without a jury. The

plaintiff, to maintain the issues on his part, produced and read in evidence three separate tax deeds, each dated May 6, 1872, and executed by E. D. Rose, county clerk of Jackson county, to the plaintiff, covering the lands described in the petition, and rested. No other evidence was offered. The court then gave a general finding for the plaintiff, and adjudged that he had the legal title to, and was in the peaceable possession of, the premises, and entered a decree quieting title. The judgment cannot be sustained. Actual, or peaceable possession, which we have held synonymous with actual possession, is an essential averment in the petition. This averment was not proved; no evidence of actual possession was offered. The tax deeds could at most be only evidence of the right of possession and of title. They did not prove, or tend to prove, that the plaintiff ever had actual possession; hence, there was an entire failure of proof upon a material and essential issue.

This conclusion dispenses with any consideration of the other question presented, as a new trial must be awarded.

The judgment of the district court will be reversed, and the case remanded.

All the Justices concurring.