## C. E. WESTBROOK v. JOSEPH SCHMAUS.

1. ACTION *to Quiet Title.* In an action by an owner of land to quiet his title and for equitable relief other than that provided in § 594 of the civil code, it is not necessary to allege or prove actual possession of the land by the plaintiff.

2. CASE *for Equitable Relief.* The averments of the petition herein examined, and it is *held,* that the plaintiff presents a case for equitable relief independent of that provided in civil code, § 594.

*Error from Butler District Court.*

ACTION to quiet title. Judgment for plaintiff, *Schmaus.* Defendant *Westbrook* comes to this court. The opinion herein, filed June 10, 1893, states the facts.

*Keller & Dean,* for plaintiff in error.

*Mooney & Stratford,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: On the first submission of this cause, an order of dismissal was entered, because of a supposed defect in the certificate attached to the transcript. The record having been amended, the case has been reinstated, and will be considered upon its merits. It was an action brought by Joseph Schmaus against William Kirchner, Robert Schwartz, and C. E. Westbrook, and in the plaintiff's petition he alleged that he was the owner in fee simple of 320 acres of land in Butler county, to which the defendants claim some adverse title or interest. It is averred that their claim is founded upon an agreement or bond for a deed which was executed in October, 1886, and in which Schmaus agreed to convey the land in question to Kirchner and Schwartz for $4,160, upon installments, the purchasers to break one-half of the land within a year, and pay certain taxes and interest, which were specified. It provided that in case of a failure to perform the conditions of the agreement it should be forfeited, on the election of Schmaus, and all payments that had

been made would be forfeited to and retained by him. It was also agreed that time should be regarded as an essential part of the contract, and obligatory on the heirs, executors and assigns of the respective parties. It was alleged in the petition that the defendants below had failed and refused to perform any of the conditions of the agreement which they were required to perform, and that these conditions were precedent ones to be performed before there should be any obligation on the part of Schmaus to do anything in regard to the real estate. It is alleged that this agreement constitutes a cloud upon the title of Schmaus, and he asked that the agreement be set aside and canceled, and that he be declared the owner in fee simple of the land, free of any interest, claim or title of the defendants, or anyone claiming under them. It is shown that on September 26, 1888, Kirchner assigned his rights under the contract to Westbrook, and the assignment contains a clause that Westbrook does not assume or agree to make any of the payments provided for in the agreement. In the second count of the petition it is alleged, that although Westbrook has no right or interest in the land, he persists in exercising acts of ownership over it, and threatens and is about to enter upon the real estate and cut and remove a crop of growing grass thereon, to the injury of plaintiff, and an injunction is asked restraining him from entering upon the land, cutting and removing the grass from the same, or from interfering with the use and occupancy of Schmaus. At the commencement of the action a temporary injunction was allowed. Default was made by Kirchner and Schwartz, but Westbrook appeared, and demurred to the plaintiff's petition, and moved for a dissolution of the temporary injunction. The demurrer and motion to dissolve were both overruled, and Westbrook standing upon his demurrer, the case proceeded to judgment in favor of Schmaus.

As to the sufficiency of the petition, it is contended that the action is the statutory one to quiet title, brought under § 594 of the civil code, and that some of the averments essential to such an action are lacking. The plaintiff below

alleged that he was the owner of the land, but he failed to state that he was in possession of the same by himself or tenant, and his petition does not affirmatively show that the land was vacant or unoccupied.   In the statutory action, an allegation of actual possession is essential to meet the requirements of the code, but we think it is manifest that the plaintiff below was not proceeding under that provision of the code.   It is true, he asked to have the title 1. Action to quiet title.   quieted as against the defendants below, but this remedy existed before the enactment of the statute, and could be maintained without alleging or proving actual possession.   The statutory action goes further, and authorizes courts, upon the application of persons in possession of land, to quiet their possession as against any imperfect or insufficient claim of title.   In *Eaton v. Giles*, 5 Kas. 28, Chief Justice KINGMAN remarked that "The section is not intended to give the right to bring an action to quiet title, for that existed previously, but to authorize an additional remedy to quiet the possession."   The averments of the petition in this case show that the plaintiff was seeking a character of relief formerly obtained in courts of equity, and 2. Case for equitable relief.   to which he was entitled independent of the statutory provision.   Instead of the brief statement of facts such as are usually alleged under § 594, he sets forth at length the sale and the agreement which had been made relating to the land, the breach of its conditions, and the forfeiture of the purchaser's rights thereunder.   He asks to have the facts ascertained, the rights of the defendants determined and forfeited, and that they be shut out from all right or claim under the contract, and, further, that it may be canceled and held for naught.   He further alleges that, without right or interest, Westbrook, the assignee of Kirchner, claimed a right to the land and proposed to cut and take from it a growing crop of grass, which action he asked to have enjoined.   It further appears, that the written agreement, under which the defendants claimed, had been recorded

in the office of the register of deeds.    As stated in *Keith v. Keith*, 26 Kas. 41, the plaintiff was

"Seeking a character of relief formerly given in courts of chancery, and has set forth such a state of facts in his petition as under the rules of equity practice would entitle him to relief.    Therefore, to succeed, it is not necessary for him to have alleged or shown that he was in the actual possession of the real estate." (See, also, *Douglass v. Nuzum*, 16 Kas. 515.)

It is also claimed that the petition was obnoxious to the demurrer because it failed to state facts showing a breach of the contract of purchase on the part of the defendants.    The petition contains the agreement, in which are specifically set forth the conditions and covenants to be kept and performed by the defendants, and it avers that the defendants have not observed the requirements of the contract, and have failed, neglected and refused to perform any of the conditions which it imposed upon them.    The agreement is a part of the petition, and together they are sufficient to meet the objection and repel the demurrer.

There is nothing substantial in the objection to the ruling on the injunction.    Westbrook can claim only through Kirchner, who, as has been seen, had no right or interest in the land.    The determination against the claim and rights of the defendants renders the ruling upon the injunction immaterial.

We find no error in the record, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.