TAYLOR P. CHRISTY v. MYRAM S. SPRINGS.

(Filed July 17, 1902.)

1. CIVIL CODE—Action Under. To sustain an action under Section 613, Civil Code (Statutes 1893) the plaintiff must be shown to be in the actual possession, either by himself or by tenant.

2. TITLE—Action to Quiet—Maintained by Whom. An action to quiet title may be maintained by the holder of the legal title, when he is not in possession, if the premises be vacant and unoccupied.

3. EXECUTION—Irregularities. When it appears that an execution was directed to the sheriff of Kingfisher county on a judgment of the district court of that county, but delivered to, received and executed by the sheriff of Canadian county, the officer to whom it should have been directed, Held, that while the direction should have been to the sheriff of Canadian county, the direction to the sheriff of Kingfisher county was simply an irregularity, a defect subject to amendment, and not making void the writ, or the sale and deed made thereunder.

4. SAME—Sale Under—Void When. Where a sale of real estate made under an execution issued upon a judgment of the district court, was, by the court having jurisdiction of the parties litigant, upon the return thereof examined and confirmed, and a deed ordered to be made to the purchaser, no district court of any other county can for any supposed irregularities or erroneous ruling, declare such order and judgment void.

5. SHERIFF'S SALE—Presumption. Where a sheriff's deed recites the return of an execution, the proceedings and sale thereunder, and that the court after examining the same confirmed the sale and ordered a deed made to the purchaser, Held, that in the absence of a contrary showing, the sale will be presumed to have been confirmed as in the deed recited. The confirmation of the sale of real estate relates back to the date thereof.

(Syllabus by the Court.)

*Error from the District Court of Candaian County; before
C. F. Irwin, Trial Judge.*

*W. W. Noffsinger,* for plaintiff in error.

*C. O. Blake, E. E. Blake, W. T. Beeks* and *John Livingston,* for defendant in error.

### STATEMENT OF FACTS.

This is an action by Myram S. Springs against Taylor P. Christy to quiet title to lots 8 and 9, in block 106, in the city of El Reno; trial and judgment for Springs; motion for a new trial overruled; Christy brings case here by petition in error for review.

Opinion of the court by

BEAUCHAMP, J.: The plaintiff alleges numerous errors, but, in his brief, argues only the fourth assignment: "That the decision is not sustained by the evidence, and is contrary to law."

The facts as shown by the evidence are: That on the 27th day of October, 1893, Christy, plaintiff in error, obtained judgment against one T. F. McMeachan in the district court of Kingfisher county for the sum of $220 and costs, as shown by the judgment docket in the district clerk's office for Kingfisher county; that the action, in which said judgment was obtained, was a replevin action; that the court house in Kingfisher county, since the rendition of said judgment, was destroyed by fire, and that the records of the district clerk's office, with the exception of the judgment docket, were destroyed; that McMeachan appealed said case to this court and gave a supersedeas bond; that thereafter, and on the 3rd day of May, 1894, on the application of Christy, the judge of the

district court of Kingfisher county, at his chambers in El Reno, ordered that Christy be permitted to execute a restitution bond, and that upon approval thereof by the clerk of the district court of Kingfisher county, that the judgment shall not be stayed pending the hearing of the case in the supreme court; that Christy made and executed a bond, which was by the clerk approved and filed; that thereafter, and on the 4th day of May, 1894, an execution was issued upon said judgment and delivered to Thomas R. Jackson, sheriff of Canadian county; that thereupon, and on the 4th day of May, 1894, said sheriff levied upon the lots in question, and caused the same to be appraised by three disinterested householders, residents of Canadian county, and a copy of the appraisal was deposited with the clerk of the court; and that after advertising the property for sale, on the 12th day of June, 1894, the same was, by the sheriff, sold to Christy, and he returned the execution into court with his proceedings thereunder duly certified; and that the court on the 13th day of June, 1894, shown by the recitals in the sheriff's deed, confirmed the sale, and ordered a deed made, which deed was filed and recorded in Canadian county, June 18, 1894; that on the 18th day of January, 1896, the supreme court affirmed the judgment of the district court of Kingfisher county; that on the 17th day of March, 1893, Thomas F. McMeachan acquired title from the board of townsite trustees to the lots in question; on the 27th day of September, 1899, McMeachan and wife conveyed the lots to Springs by quit-claim deed; April 14, 1900, Springs commenced this action in the district court of Canadian county to quiet title.

A. C. Springs, the husband of the defendant in error, testified that he had claimed the possession of the lots for his

wife since 1897 or 1898; that prior to 1897 he had a contract with McMeachan for the lots; that he had permitted one Hutchinson or Hutchings to fence them for the use of them; that Hutchinson or Hutchings went away and took the fence down, and that shortly thereafter he fenced them, just when he cannot tell; that the Hutchinson fence was put there in 1897 or 1898. And upon cross examination he testified that he had made no claim to the lots before the sale under execution; that the only improvement put upon the lots was the fence, and he was not certain that it was on those lots, but somewhere near there; that he had not paid any taxes, but went to pay them and found that Christy had paid them.

W. H. Criley, an attorney at law, testified that he had examined the execution upon which the sheriff's sale was made, prior to the sale, and that it then read: "To the sheriff of Kingfisher county," and that it had since been mutilated by tearing out the word "Kingfisher." The record also discloses a decree and confirmation by the district court of Canadian county, filed June 3, 1894. The execution docket of the district clerk's office for Canadian county shows the registration and the return of the execution.

Christy testified that after the appeal was taken from the judgment of the district court of Kingfisher county, and a stay bond given, that he gave a restitution bond in accordance with the order of the judge, which was approved by the clerk of the district court of Kingfisher county; that he gave a party privilege to fence who had some sheds or pens on them; that he never knew of any adverse claim to the lots until this suit was commenced; that he had paid the taxes, and introduced tax receipts for the years 1894 to 1899, both inclusive.

The judgment docket of the district court of Kingfisher county shows as follows:

| JUDGMENT DEBTOR. | JUDGMENT CREDITOR. | DATE OF JUDGMENT. | DATE OF DOCKETING. |
|---|---|---|---|
| McMeachan, T. E. Page of Record, 409 | Christy, T. P. Am't of Judgment $220 and costs. | · Oct. 27, 1893. | Nov. 1st, 1893. |

The defendant in error claims to have brought the action under section 513 of the Civil Code, which reads: "An action may be brought by any person in possession, by himself or tenant, of real property, against any person who claims an. estate, or interest therein,. adverse to him, for the purpose of determining such adverse estate or interest."

In order to sustain an action under this section the plain⸗ tiff must be shown to be in actual possession, either by himself or by tenant. (*Eaton v. Giles,* 3 Kan. 24; *Dougles v. Nuzen,*. 16 Kan. 515; *Douglas v. Bishop,* 24 Kan. 749.)

The section quoted is not intended to give the right to bring an action to quiet title, for that existed previously, but to authorize an additional remedy to quiet the possession, and of necessity, such possession must be an actual one. Constructively, the owner of land is as much in possession where it is occupied by his tenant as when occupied by himself. If the possession mentioned in this section is a mere constructive one, then the words "or tenant" have no significance; but by giving the word "possession" its primary and legal meaning, the words "or tenant" become important, and authorizes the action upon the possession by tenant. The defendant had not the actual possession necessary to entitle her to maintain the action under the section quoted. However, independent of the statute, an action to quiet title may be maintained by the

holder of the legal title where he is not in possession, if the premises be vacant and unoccupied. (*Douglas v. Nuzen, supra.*)

The plaintiff claims title by virtue of the sheriff's deed made by the sheriff of Canadian county, which was made, delivered and recorded several years before the quit-claim deed to defendant.

Unless the sheriff's deed is void, the defendant cannot recover. She claims that the sheriff's deed is void:

"1st. Because it shows upon its face that it was executed pursuant to a sale made by the sheriff of Canadian county under a writ issued and directed to the sheriff of Kingfisher county.

"2nd. Because the execution under which it was sold, in fact, issued from the district court of Kingfisher county, and was directed to the sheriff of Kingfisher county.

"3rd. The sale was void because it was at a time when the execution on the judgment had been stayed by the giving of a supersedeas bond, and causing summons to be issued thereon from the supreme court."

Section 4333, Statutes 1893, provides:

"Executions shall be deemed processes of the court, and shall be issued by the clerk, and directed to the sheriff of the county. They may be directed to different counties at the same time."

Section 4340:

"The officer to whom a writ of execution is delivered shall proceed immediately to levy the same * * * * *."

Section 4368:

"When an execution is issued to the sheriff of a county other than that in which the judgment was rendered, the

sheriff, after endorsing the date of its reception thereon, shall deliver the same to the clerk of the district court of his county, who shall thereupon enter the same in the execution docket in the same manner as if it had been issued from a court of which he is the clerk; and before the sheriff shall return any such writ, he shall cause his return to be entered in like manner."

We will assume that the execution was directed to the sheriff of Kingfisher county, as the deed made by the sheriff of Canadian county so recites. Does that fact render the execution void? It was delivered to the sheriff of Canadian county, accepted by him, endorsed and delivered to the clerk of Canadian county, entered in the execution docket, levied, lots appraised and sold, return and record thereof made, all as required by the statutes.

In the case of *National Bank v. Franklin,* 20 Kan. 265, a case where the execution was directed to the deputy sheriff, we quote from the syllabus:

"That while the direction should have been made to the sheriff the direction to the deputy sheriff was simply an irregularity, a defect subject to amendment, and not making void the writ; and that the officer having taken the writ and proceeded to execute it, could not set up such a defect as a defense to an action against him for failure to sell the property."

An execution addressed to the wrong officer will afford no justification to him, but if the levy is, in fact, made by the officer to whom it should have been directed, the irregularity is considered harmless, and the levy and sale are not void."

In the case of *Pecolte, Assignee, v. Oliver,* (Idaho,) 10 Pac. 302, a case wherein a constable had seized property under an attachment, subsequently judgment was obtained and execution issued to that sheriff of that county, but delivered to

the constable, and the property was sold by him. In the opinion delivered by Hays, C. J., it is said:

"It is conceded that the defendant is the officer who had served the attachment process, and that he held the property by virtue of that writ. (Freem. Ex'ns., 62; *Clark v. Sawyer,* 48 Cal. 133.) Since the property in dispute was that held under the attachment, the direction of the execution must, therefore, be treated as a direction to an improper officer as it clearly was, so far as the subject-matter of this action is concerned. (*Held,* That the execution was not void, and the irregularity might have been cured.)

The rule is laid down by Freeman on Executions, sec. 65:

"Where a writ is directed to an improper officer, but executed by the proper officer, the error in the direction does not vitiate the writ, and may be cured by amendment."

To render an execution sale void, there must be wanting some one of the substantials which are indispensible to a valid sale. An erroneous judgment or an irregular execution are necessarily void. Mere error or irregularity, where there is jurisdiction, does not render them void or avoid the sale, but merely renders the sale voidable, or subject to be set aside in a proper proceeding brought by the party interested. It cannot be done collaterally. And as against an irregular writ of execution, the defendant therein alone can object. If he does not, he is considered as consenting, and a sale thereon is valid. (Rorer on Judicial Sales, 2nd Ed., sec. 789.)

The execution was directed to the sheriff of Kingfisher county, when it should have been to the sheriff of Canadian county; therefore, directed to an improper officer, but was delivered to and received and executed by the proper officer, as fully shown by the record. It follows that the execution was not void, and that the irregularity might have been cured

by amendment. And we can see no difference in principle from the fact that the execution was directed to the sheriff of one county, when it should have been directed to the sheriff of another and different county, if, in fact, it was delivered to and executed by the proper officer of the proper county. Numerous cases can be found where the writ was directed to the proper officer and executed by an improper officer, wherein the sale by the latter was held to be void. But we have been unable to find a single case or authority where the writ was, in fact, executed by the proper officer, that the sale was held to be void, under a statute similar to ours.

The defendant contends that the sale was void because it was at a time when the execution on the judgment had been stayed by the supersedeas bond. When the appeal to the supreme court was taken from the judgment, a supersedeas bond was given under the provisions of section 569 of the Code. After the supersedeas bond was given, upon application, the judge at chambers granted an order allowing the judgment creditor to give a restitution bond and enforce the judgment, notwithstanding the supersedeas bond under section 573 of the the Code.

The defendant contends that the order of the judge allowing the judgment to be enforced was void, for the reason that the action was not an action upon contract for the payment of money only. The order was not void, and if irregular could only be taken advantage of by the defendant in the judgment; and if the execution issued before the stay expired, it is but an irregularity for which the sale was liable to be set aside, but it did not render void the sale. (Rorer on Judicial Sales, 2nd Ed. p. 313.)

The sheriff's deed recites that on the 13th day of June, 1894, the day that the deed was shown to have been executed,

the sale was, by the court, confirmed, and the deed ordered to be made; and in the absence of a contrary showing, it must be presumed that the recitals in the deed are true, and that the sale was by decree of the court, confirmed as in the deed stated, and as by the statute required before the deed should be made.

The decree and judgment of confirmation is conclusive upon the matters adjudicated, and the district court of Canadian county could not, for any supposed irregularities or erroneous rulings, declare such orders and judgment void, and the confirmation of the sale relates back to the date thereof. _ (*Galbreath v. Drought,* 29 Kan. 711; *Payne et. al. v. The Long-Bell Lumber Co. et. al.* 9 Okla. 663.)

In this case the sale was fairly made, the proceeds were applied to the payment of the judgment, and the judgment was confirmed by the supreme court, and McMeachan divested of title by the sheriff's deed long before the defendant herein secured the deed from McMeachan, and the quit-claim deed conveyed no title.

The decision of the trial court was not sustained by the evidence, and was contrary to law, and the court erred in overruling the motion of the plaintiff in error for a new trial.

The judgment and decree of the trial court is reversed, and the cause remanded with directions to vacate and set aside the judgment and decree rendered, and to proceed in accordance with this opinion, with costs to defendant in error.

Irwin, J., having presided in the court below, not sitting; all of the other Justices concurring.