106, 65 N. E., 865, 93 Am. St. Rep., 639; *Palmer* v. *Humiston,* 87 Ohio St., 401, 101 N. E., 283, 45 L. R. A. (N. S.),, 640; *Hier* v. *Stites,* 91 Ohio St., 127, 110 N. E., 252; *Bowers* v. *Santee,* 99 Ohio St., 361, 124 N. E., 238; *Manley* v. *Coleman,* 19 Ohio App., 284; *McAllister* v. *Hartzell,* 60 Ohio St., 69, 53 N. E., 715; and *Ochsner* v. *Cincinnati Traction Co.,* 107 Ohio St., 33, 140 N. E., 644.

This court, under the record, is bound to affirm the judgment of the lower court.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.

BALSMEYER *v.* LANSDALE ET AL.

(Decided February 14, 1927.)

*Mr. Edward H. Ray,* for plaintiff.
*Mr. Ralph Emery,* for defendants.

LLOYD, J. This action comes to this court on appeal by the plaintiff, Millie Balsmeyer, from a decree of the common pleas court of Lucas county, Ohio, quieting in the defendants, Matilda G. Campbell, the title to all that part of the westerly one-half of the original lot 1 in Section 24, township 6 north, range 9 east, which lies south of the canal in Waterville township, Lucas county, Ohio.

The facts, as they appear from the pleadings and from the evidence submitted, are that one James H. Campbell originally held the title to the land in question, and that whatever title, if any, the plaintiff or the defendants Campbell at any time acquired therein, is derived from and through the title so held by him; that the plaintiff claims to now own this land by virtue of a warranty deed therefor executed and delivered to her by one Jessie L. Reece, whose alleged title thereto was acquired by deeds therefor from one Delia R. Tucker, to whom the same was conveyed on December 6, 1913, by deed of the then sheriff of Lucas county, pursuant to a decree of the court of common pleas of Lucas county foreclosing a lien for unpaid taxes upon this and various other parcels of land in an action commenced and prosecuted for that purpose by the then treasurer of Lucas county.

The plaintiff, Millie Balsmeyer, in her petition claims to own and be in possession of the land thus alleged to have been acquired by her and seeks to have quieted her alleged title thereto, making a number of persons parties defendant, among whom are

the original owner thereof, James H. Campbell, his wife, and the unknown heirs and devisees of said James H. Campbell, service of process upon them having been sought by publication of notice in the Maumee Advance Era, a weekly newspaper published in Maumee, Lucas county, Ohio. While this publication was in progress, and before its completion, Matilda G. Campbell, Alice Campbell, and Julia Campbell, on their motion, were made parties defendant to this action, and by leave of court therefor filed answers, and later by leave of court filed a second amended answer admitting certain of the facts pleaded by plaintiff in her petition, denying other statements made therein, and praying that the title to the land in question be quieted in them as the heirs at law of James H. Campbell, deceased, to which second amended answer the plaintiff filed no reply.

Whatever title the plaintiff has to the land in question was acquired by the sheriff's deed, to which reference has heretofore been made, and by the deeds subsequent thereto of Delia R. Tucker and Jessie L. Reece.

The plaintiff claims these deeds vest in her the title, and that she is entitled to have the same quieted as against each and all of the defendants. The defendants Campbell claim that the plaintiff never acquired any title to this land and has now no title or interest therein, because, they say, the decree of the common pleas court pursuant to which the deed of the sheriff was executed and delivered to Delia R. Tucker was a nullity, no service of process having been made upon the then owners thereof, the unknown heirs and devisees of James H. Campbell,

who, it is now admitted, was at that time deceased.

The record in that action, which was No. 60235 in the common pleas court of Lucas county, and entitled Thomas Biddle, Treasurer, v. George W. Blake and others, shows that the petition therein filed related to a great number of parcels of land owned by a large number of different persons who were named as defendants, some of whom were served with summons and others by constructive service of process. Subsequent to the filing by the plaintiff, Biddle, of the petition in that action, by leave of court obtained therefor, he filed on April 26, 1910, a supplemental petition which related to still other parcels of land owned by other persons, who, by leave of court granted on April 10, 1910, were made parties defendant. Among the lands described therein was the land the title to which is in dispute in the instant case, and among those so made parties defendant on April 10, 1910, were James H. Campbell, —— Campbell, first name unknown, his wife, and the unknown heirs, devisees and legatees of James H. Campbell, if deceased; but no mention is made in the petition, supplemental petition, or the captions thereof, of James H. Campbell, —— Campbell, his wife, or the unknown heirs, devisees, and legatees of James H. Campbell, if deceased. On April 12, 1913, an affidavit for service of process by publication was filed, and in this affidavit, among many others, appear the names of these so-called defendants, leave of court having been granted to proceed with the publication, and the record of this case shows that notice was published in the Toledo Bulletin, a weekly newspaper printed in Toledo and of general circulation in

Lucas county, "beginning on the 15th day of April, 1913, and on each successive Saturday for six weeks consecutively, commencing on that date."

In this notice appear the names of James H. Campbell, —— Campbell, his wife, and the unknown heirs, devisees, and legatees of James H. Campbell, deceased, with those of a large number of others named as defendants. The notice states that said defendants and each of them will take notice that on the 31st day of March, 1909, Thomas Biddle, as treasurer of Lucas county, Ohio, filed his petition in the court of common pleas of Lucas county, Ohio, being cause No. 60235, and that "on the 26th day of April, 1910, Henry M. Barfield, as successor to Thomas Biddle, by leave of court first obtained, filed a supplemental petition against them, and each of them, to collect taxes, assessments, penalties and interest in the following amounts for the full year of 1909, and previous years, against the following described property." Then follows a description of a number of various pieces of land, with the amount of the delinquencies thereon, but nowhere in the notice is there any description or reference to the land the title to which is in dispute in the instant case.

After this description of the lands, the notice states that said taxes, assessments, etc., are due and unpaid, and that "said plaintiff in said petition and supplemental petition prays that the court render a decree barring the respective interests of said parties defendant above mentioned and each of them in said property so described and foreclosing the lien for taxes, assessments, penalties and interest aforesaid, and that in default of the payment of the same

that said property be ordered sold, and that out of the proceeds of said sale said decreee be first paid, after the costs of this action, and for other relief which may be just. Said defendants, and each of them, are required to answer by the 14th day of June, 1913, setting forth their respective interests in said above described property, or in default thereof their interests be barred as prayed for above, and the allegations of said petition will be by them confessed to be true.''

The decree entered by the common pleas court on July 22, 1913, finds:

''That by leave of this court first obtained, said plaintiff has obtained service by publication in a newspaper of general circulation for a period of six consecutive weeks upon a large number of defendants and unknown heirs of deceased persons, after filing the proper affidavits therefor, and said service, together with all the prior proceedings, are hereby approved and confirmed.''

This is the only finding in the decree as to service of process either constructive or otherwise, upon any of the defendants.

With these facts before us, it becomes evident that the decree of the court foreclosing the alleged lien for taxes on the land in question was a nullity, because no service of process was had upon Campbell or upon his heirs and devisees. Admittedly the statutes relating to service of process must and should be strictly construed. Section 11295, General Code, provides that, when made by publication, the notice ''must contain a summary statement of the object and prayer of the petition, mention the court wherein it is filed, and notify the person or

persons thus to be served when they are required to answer." The notice in question did not contain a summary statement of the object and prayer of the petition and supplemental petition, because nowhere therein was there a description of or reference to the parcel of land owned by the Campbells, and nothing therein to indicate to Campbell, or, if deceased, to his heirs and devisees, that the plaintiff treasurer's action in any way concerned any of them. Nor does the decree of the court find that service by publication had been made as to these or any of the defendants so sought to be served. The decree finds merely that service was so made "upon a large number of defendants and unknown heirs of deceased persons." This then is not a case where the service as made is in all respects regular on its face, requiring extraneous evidence to dispute the truthfulness of the facts stated in the notice or in the return of the sheriff, as the case might be, the court having found such service to have been duly and legally made, but one where the notice fails to include the mandatory requisites which the law prescribes. It is not only irregular and invalid on its face, but, as we have indicated, there is no finding by the court that service by publication was made upon these or upon any particular defendant.

It is apparent, therefore, that these proceedings did not divest the Campbells of their title to this land, nor vest in Delia R. Tucker, by the deed of the sheriff, any interest or title therein. This strip of land, the evidence shows, has never been improved in any way. It lies along the northerly bank of the Maumee river, near Waterville, and between the river and the southerly side of the Miami and Erie

132

Canal. There is no access thereto except from the river, or by boat across the canal, or, as stated by one of the witnesses, "unless you cross at a bridge way above or below it, namely three miles one way" and "about a mile and a half the other way." The character of this land is such that no one is in the actual possession thereof. The defendants Campbell, as the heirs at law of James H. Campbell, are entitled to have their title to this land quieted as against the plaintiff and the other defendants. The decree of this court therefore is that the petition of the plaintiff be dismissed and that the title of the defendants Matilda G. Campbell, Alice Campbell, and Julia Campbell be quieted as against the plaintiff and the other defendants. See *Miller* v. *Neiman*, 27 Ark., 233; *Barton* v. *Swepston*, 44 Ark., 437; *Donnelly* v. *Simonton*, 7 Minn., 167, 172; *Westbrook* v. *Schmaus*, 51 Kan., 558, 33 P., 306; *Kruczynski* v. *Neuendorf*, 99 Wis., 264, 74 N. W., 974; *Day Land & Cattle Co.* v. *State*, 68 Tex., 526, 4 S. W., 865; *Christy* v. *Springs*, 11 Okl., 710, 69 P., 864.

*Decree accordingly.*

RICHARDS, P. J., and WILLIAMS, J., concur.