GEORGE M. EATON v. FRY W. GILES.

*Error from Shawnee County.*

1. REAL ACTIONS: QUIETING CLAIMS.—To sustain an action under § 569, civil code, (*Comp.L.*, 224,) the plaintiff must be shown to be in actual possession either personal, or by tenant.

2. ID.: TITLE.—An action to quiet title may be brought by the holder of the legal title when he is not in possession, if the real estate for which he holds the title is vacant.

3. ID.: QUIETING POSSESSION.—Where real estate is vacant and unoccupied, the plaintiff cannot sustain an action to quiet title or possession, where he neither shows title in himself nor actual possession of the premises, either by himself or tenant.ᵃ

The facts of the case, sufficient for the presentation of the points decided, appear in the subjoined opinion of the court.

*A. H. & M. H. Case*, for plaintiff in error.

*Martin & Burns*, for defendant in error.

*For the plaintiff in error*, it was submitted:

1.   Proof of the deed from McKown and wife, and that the lot conveyed was vacant, and proof of a tender of the amount of the taxes, was constructive evidence of possession and a *prima facie* case was made out; for no actual entry by the grantee is necessary in this country, in order to give him seizin in deed when the land is vacant. *Walks vs. Prime*, 4 *Mass.*, 64; *Green & Chelsea*, 24 *Pick.*, 71; *Jackson v. Howe*, 14 *John.*, 406; *Bates v. Norcross*, 14 *Pick.*, 224; *Magoun v. Lapham*, 21 *Pick.*, 135; *Green v. Lites*, 8 *Ct.*, 229; *Barr v. Graty*, 4 *Wheat.*, 213,

---

ᵃ 1. REAL ACTIONS: QUIETING POSSESSION.—Sec. 569, Civil Code, goes further than the principle of the courts of chancery which gave relief to holders of the legal title to real estate, for it authorizes an action in favor of any person " in possession by himself or tenant."

2.   REAL ACTIONS: CONSTRUCTIVE POSSESSION.—" Constructive possession," it seems, must be sustained by a chain of title to the possession, reaching to a grantor having actual possession.

221; *Green v. Watkins*, 7 *Wheat.*, 218, [*Cond.*]; *Calvin v. Fulton*, 3 *Penn. St.*, 475; *Ellinger v. Lewis*, 32 *Penn. St.*, 367; *Breckenridge v. Ormsby*, 1 *J. J. Marsh.*, 244; *Higbee v. Rice*, 5 *Mass.*, 344; *Mathews v. Ward*, 10 *Gill & J.*, 443.

2. Therefore plaintiff must recover, in absence of a better right in defendant than entry under a tax deed; paying taxes, by defendant, works no dis-seizin of plaintiff. *Little v. McGuire*, 2 *Maine*, 263; *Reed Farrar v. Eastman*, 10 *id.*, 191; *Putnam v. Fisher*, 38 *id.*, 224; *Bates v. Norcross*, 14 *Pick.*, 224; *Reed v. Field*, 15 *Vt.*, 672; *Ewing v. Burnett*, 1 *McLean*, 266.

3. Defendant can claim nothing, by *constructive* possession, against the real owner. *Miller v. Shaw*, 6 *Serg. and R.*, 140; *Ang. on Lim.*, [2 *Ed.*] 433; *Jackson v. Woodruff*, 1 *Cow.*, 286; *Slice v. Derrick*, 2 *Pick.*, 672; *Steadman v. Hilliard*, 3 *id.*, 101.

4. Nor by a wrongful entry even under a deed. *Dew v. Hunt, Spencer*, 487; 3 *Washb. R. E.*, 118.

5. But this deed is void.

*For defendant, Martin & Burns* submitted:

1. Section 569 of the code provides that an action may be brought by any person *in possession* by himself or tenant, etc.

2. The plaintiff must show legal title in himself and *actual* possession by himself or tenant.

3. This section is like § 577, of the Ohio code [2 *Swan and Critchf. St.*, 1118.] Both are similar to § 14, Ch. Pr. act of Ohio, passed before the code. [*Swan's St.*, 703.] Under this former statute it was settled that plaintiff must allege and prove legal title and actual possession; that even one without the other was not sufficient. [8

*Ohio R.*, 382; 5 *id.*, 94, 522; 10 *id.*, 347.] The provision of the code is held to be a continuance of the rule fixed under the chancery act, [*Ellithorpe v. Buck*, 17 *O. S.*, 72;] also under a similar statute of Missouri, [2 *Rev. St.*, 1241, § 62,] the Supreme Court held the same thing, [31 *Mo.*, 333.] See also in New York, 16 *N. Y.*, 519.

4. The plaintiff failed in proof of title in himself and of actual possession in himself or by tenant.

5. The record does not show even constructive possession in plaintiff. To show this, when no actual possession is proved, a connected chain of title must be shown to some grantor, under which plaintiff claims, who had actual possession. 5 *Duer*, 140; 4 *Green*, 45.

6. The plaintiff's chain of title is defective also in that it extends only back to his immediate grantor, who is not shown to have had any title whatever.

7. The defendant proved actual possession, held under a legal title and acts of ownership, in paying taxes and building sidewalks.

8. The validity of the defendant's title—a tax deed—does not enter into the case. It was sufficient for him to show actual possession. This, shown under a tax deed, void for informality, constitutes *adverse possession.* 1 *Chand.*, 52, 224; 6 *Wis.*, 527.

*By the Court,* KINGMAN, C. J.

This action was brought under section 569, of the code of civil procedure [*Comp. L.*, 224.] for the purpose of quieting the title of plaintiff to lot No. 208, Kansas avenue, in the city of Topeka.

The plaintiff alleges in his petition that he has the title to, and is in the peaceable possession of said lot and

that the defendant claims an estate therein adverse to the plaintiff.

The defendant denies the title and possession of plaintiff and sets up title and possession in himself.

The evidence on the part of the plaintiff shows a deed from George M. McKown and wife to plaintiff for the lot, bearing date October 26, 1859, and further testimony showing that the lot was vacant and unoccupied and had been for several years.

The defendant introduced a tax deed for the lot, and proved the payment of taxes thereon for several years; and also, that he had built a sidewalk fronting on said lot. There was much evidence as to the validity of the proceedings, supporting the tax title, which is not necessary to be inserted here, as it is not considered necessary to examine and pass upon the merits of any of the various questions raised thereon—for we do not think they necessarily enter into the case.

The section under which the action is brought is as follows : " An action may be brought by any person in possession, by himself or tenant, of real property, against any person who claims an estate or interest therein adverse to him for the purpose of determining such adverse estate or interest." Before a person can sustain an action under this section he must bring himself within the conditions it prescribes. It is not any person who may bring a party into court for the purpose of determining the validity of his title. The plaintiff must show some right in himself and some injury to that right by another before he can subject him to the costs and vexations of a lawsuit.

REAL ACTIONS: If his possession be disturbed by unlawful intrusion the remedy is simply to recover the

possession.   If he be in possession and some other party, by setting up some adverse claim thereto, renders his property less valuable, and his enjoyment of it less complete and satisfactory than his right, then he may demand an investigation and determination of the validity of this adverse claim.

It has long been an established principle of the courts of chancery to give relief to the holders of the legal title to real estate where some adverse claim existed, calculated to cast doubt or suspicion upon the title, or seriously embarrass the owner, either in the maintaining his rights or in disposing of his property, whether such adverse claim was quietly held or openly asserted.   The section of our code, quoted above, goes further, and authorizes the interposition of the courts in cases where any person is " in possession by himself or tenant " to quiet his possession as against any imperfect or insufficient claim of title.   The language of the section, as well as the objects to be accomplished by it, seem alike to impel the mind to the conclusion that the possession must be an actual and not a mere constructive possession. Constructively the owner of land is as much in possession where it is occupied by his tenant as when by himself, and if the possession mentioned in the section was a mere constructive one then the words " or tenant " have no significance; but, by giving to the word possession its primary legal meaning of an actual possession the words " or tenant " become of importance by extending the right to claim the interposition of the court one step beyond actual possession to that of a tenant of the person.   The section is not intended to give the right to bring an action to quiet title, for that existed previously, but to authorize an additional remedy to quiet the posses-

sion and of necessity such possession must be an actual one.

In Ohio, under a section of their laws that authorized suits to be brought by the holder of the legal title in possession to settle and determine adverse claims, it was held that the possession must be an actual one, [see 8 *Ohio R.*, 382,] and this construction is adhered to in that State under the same section of the code. [See 17 *Ohio S.*, 72.] So it has been held in Missouri under a similar statute, [31 *Mo.*, 333;] and in New York, [16 *N. Y.*, 519.] In this case the plaintiff had not the legal title nor was he in actual possession, consequently did not bring himself within the conditions necessary to institute an action, either to quiet title under the ancient well settled principles of equity, or to quiet possession under the section of our code. He alleges in his petition that he is the holder of the legal title and in peaceable possession of the lot. In his proof he shows neither, and the court below very properly refused to grant him the relief prayed for. It might be properly mentioned that it does not appear that the grantor of the plaintiff ever had possession of the lot, or had the shadow of a title to it, or that the plaintiff himself, by any act, or in any way, ever took possession under the deed, or in any way exercised acts of ownership over the property, but allowed another to pay taxes and build sidewalk without making his interest in the estate known. It would be a great stretch of the law, to hold that under such circumstances the plaintiff could claim to be in constructive possession of the lot in controversy.

The judgment is affirmed.

All the justices concurring.