No. 28,776.

W. C. ROBINSON, *Appellant*, v. W. C. MUTCHMORE, *Appellee.*

(278 Pac. 18.)

Opinion filed June 8, 1929.

*Grant Stafford*, of Winfield, for the appellant.
*Harold W. Herrick*, of Winfield, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to quiet title. The court found generally for defendant, and plaintiff appeals.

The action was the statutory action authorized by the civil code

(R. S. 60-1801). The petition alleged plaintiff was owner and in possession of described land; alleged that defendant claimed some right or interest therein which was without authority in law, and which constituted a cloud on plaintiff's superior title; and prayed judgment quieting plaintiff's title. The purpose and meaning of the code section were expounded by Chief Justice Kingman in the opinion in the case of *Eaton v. Giles,* 5 Kan. 24 (1869). The possession essential to maintenance of the statutory action is actual possession by the owner himself or by his tenant. This interpretation of the statute has not been departed from.

In this instance the real estate comprised the north fifty feet of what had once been a city block. Plaintiff abstracts no testimony whatever relating to the subject of possession. Defendant abstracts testimony showing he was in actual possession when plaintiff purchased, and has been in actual possession ever since. The only claim to possession made by plaintiff at the trial was that his agent had authorized a circus and a carnival company to use the whole block. There was no evidence that the circus or the carnival company was a tenant within the meaning of the statute. There was evidence that the fifty-foot strip of land was not actually used by either the circus or the carnival company, and there was no evidence that when the action was commenced plaintiff was in possession of any part of the block by circus, by carnival company, or by any other occupant.

Plaintiff contends defendant claimed ownership and possession, and that the court was authorized to determine title pursuant to the decision in the case of *Reitz v. Cooper,* 123 Kan. 755, 256 Pac. 813. In the cited case plaintiff commenced the statutory action. Defendant converted the action into one to quiet his own title by proper allegations of possession and title and prayer for affirmative relief. The result was, the question whether plaintiff or defendant was in actual possession became immaterial. In this case defendant answered by general denial. The answer in form denied defendant claimed any interest in the land, and it was necessary he should amend. He did so by excepting his claim as follows:

"Comes now the above-named defendant, and for his answer to the petition of the plaintiff herein filed, denies each and every allegation therein contained, except that defendant claims to be the owner of said property and in possession of said property."

The amended answer did not pray for affirmative relief. The

result was, plaintiff could not succeed unless he proved actual possession by himself or by his tenant.

The judgment of the district court is affirmed.