No. 30,402.

EDITH B. WALKER, *Appellee,* v. EDWARD ROONEY, *Appellant.*

(9 P. 2d 973.)

Opinion filed April 9, 1932.

*John C. King,* of Liberal, and *Howard Rooney,* of Dodge City, for the appellant.

*Charles M. Tucker* and *Charles Vance,* both of Liberal, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from the ruling of the trial court on the pleadings. Plaintiff, formerly the wife of Chester Rooney, a son of the defendant, Edward Rooney, from whom she was divorced in April, 1921, filed her petition in this case in four counts or causes of action. The first alleged that she had inherited from her parents, and owned in her own right, the southeast quarter of section 36, in township 31, range 33, in Seward county; that in December, 1918, at a time when her husband, Chester Rooney, was ill and in dire need of money, at his solicitation and that of the defendant, she assisted her husband in borrowing the sum of $1,000, as she understood, from the defendant, Edward Rooney; that she and her husband executed a note for that sum and secured the same by a mortgage upon her land, above described; that defendant and her hus-

band represented to plaintiff that it would be necessary, also, to execute a deed for the land above described by reason of the fact that she had inherited it; that a deed reciting a consideration of $1,000 was executed to defendant; that in fact there was no consideration for the deed other than the loan for which the note and mortgage were given; that at various times up until April, 1926, plaintiff had personally, or by her designated agent, asked defendant to state the amount due on said note or mortgage, or the amount for which he claimed to have a lien upon the property, but on each occasion he refused to do so; that in June, 1926, plaintiff commenced an action in the district court of Seward county wherein the issues tendered, causes of action stated, and relief demanded, were substantially the same as in this action, which prior action failed otherwise than on its merits and was dismissed without prejudice in November, 1928. This action was brought within one year thereafter.

In her second cause of action plaintiff made the pertinent allegations of the first a part of it and alleged that she was the legal and equitable owner of the land and entitled to the immediate possession thereof, and that defendant wrongfully and unlawfully keeps her out of possession of the same.

For her third cause of action plaintiff made the material allegations of the first and second a part of it and alleged that in May, 1921, defendant fraudulently and by stealth entered upon the land in question and since then has wrongfully deprived plaintiff of the use, benefits and profits thereof, and that the same were of the reasonable value of $160 per year, amounting to $1,280.

For her fourth cause of action plaintiff alleged that she was the owner of the real property in controversy, that defendant claimed some right, title, or interest therein adverse to plaintiff, the nature and extent of which she specifically set out, so far as she knew them, and, among other things, alleged that she obtained a divorce from Chester Rooney in the district court of Ford county in April, 1921; that by the decree of the court in that action Chester Rooney was required to pay the lien upon the land in question by reason of the loan previously obtained, and to free the land from all encumbrances for the benefit of the plaintiff, and further alleged that she believes that has been done.

The prayer was for the possession of the real property, for the rental value in the sum of $1,280, that defendant be required to set up and establish any claim he has to the property, that any claim

of title he has be adjudged to be void, and that plaintiff have judgment quieting her title.

Defendant answered by a general denial, admitted the marriage of plaintiff to Chester Rooney and her divorce from him, as alleged, and admitted the execution of the note for $1,000 and the mortgage and deed referred to in the petition, pleaded generally the statute of limitations, and specifically pleaded the two-year statute of limitations on account of fraud; pleaded that the former action brought in Seward county in June, 1926, did not toll the statutes for several reasons stated, and was a final adjudication.

In the seventh paragraph of the answer defendant alleged that he was the legal and equitable owner and in possession of the property in question; that plaintiff claimed some right, title or interest therein adverse to defendant, the exact nature of which is unknown to him, but which constitutes a cloud upon his title, and which he is entitled to have removed; and "that he is entitled to have plaintiff's claims determined and adjudicated inferior to the rights of defendant, and his title and possession of said premises quieted as against the plaintiff."

In the eighth paragraph defendant alleged that he was required to indorse the note for $1,000 and thereafter compelled to pay it, and that he was the owner of it; "that thereafter the indebtedness represented by said note was settled between plaintiff and defendant as hereinbefore set out," but if the court should find the indebtedness was not so settled, then it should be adjudged a lien on the premises and foreclosed. In paragraph nine defendant makes the preceding paragraph a part thereof and alleges that in February, 1920, plaintiff and her then husband were indebted to the defendant in various sums, of which items aggregating $2,400 are stated, in addition to the $1,000 note and mortgage previously mentioned, and that "plaintiff and her husband orally proposed to defendant to sell him said lands in consideration of his releasing plaintiff and her husband from the payment of said indebtedness"; that the proposition was accepted, plaintiff and her husband were released from the indebtedness, defendant took possession of the land, and since has been in continuous, open, notorious, exclusive and adverse possession thereof; that no writings were executed by the parties at the time, but that their contract was fully performed; that the indebtedness has become barred by the statute of limitations, and plaintiff should not now be heard to deny or rescind that agreement. "In the alter-

native, if the court should find that the defendant is not the owner of said land, and that plaintiff is not barred nor estopped to claim it, then defendant should, by reason of the premises, be adjudged to have a lien on said lands to secure payment of said indebtedness, and his lien should be foreclosed."

The tenth paragraph recites the taxes which defendant has paid on the land, and alleged, if plaintiff has any interest therein, that the taxes, with fifteen per cent interest since the dates of payment, should be foreclosed as a lien thereon. The prayer was that plaintiff take nothing by her petition, that defendant's title and possession of the premises be quieted against plaintiff, and that he have judgment for costs; and, in the alternative, if defendant is not adjudged to be the owner of the land in fee, that he have judgment against the plaintiff for the $1,000, with ten per cent interest thereon since December, 1918, and a further lien for $2,400 for the items set up in paragraph nine, with interest; that he have a further lien for the taxes paid, with fifteen per cent interest, and the liens be foreclosed.

Plaintiff's reply was a general denial.

The cause was heard by the court on defendant's motion to try certain issues of law in advance of the facts. On this hearing the records of the court in the case brought in June, 1926, were offered in evidence. The court, having heard the evidence offered on the issues of law and the argument of counsel, found:

"That the questions of law submitted relate to the limitation of plaintiff's action. The court finds as a matter of law that the plaintiff's causes of action set out in paragraphs 1, 2 and 3 . . . are barred . . . but that paragraph 4 of the petition sufficiently states a cause of action for quieting title in plaintiff generally and is not barred.

"Defendant is asking for affirmative relief and that his title be quieted, and when such relief is asked by the defendant where the plaintiff also asks that the title be quieted the question of possession becomes immaterial and the court has jurisdiction to settle and determine the rights of the parties in the real property which is the subject matter of the action, and the fact that the causes of action set out in the first causes of action of plaintiff's petition are barred by the statute of limitations does not prevent plaintiff from setting up the facts therein alleged and her claim of fraud as a defense to defendant's action, and under said fourth cause of action and defendant's answer the court has authority to settle and determine the legal and equitable rights of the parties in said land without regard to the possession thereof or any bar of the statute of limitations as against either party."

Defendant has appealed from that part of the court's order which holds plaintiff's fourth cause of action is not barred. Plaintiff has

filed a cross appeal from the holding of the court that her first, second and third causes of action are barred.

Neither party has any just reason to complain seriously of the findings and holdings of the trial court. It gives each of them full opportunity to try out this entire controversy, which obviously should be heard and determined.

Turning now to the specific rulings of the court. In her first cause of action plaintiff alleged that the deed was procured in December, 1918, by the false and fraudulent representations of defendant and her then husband, Chester Rooney. So far as plaintiff's case is predicated on that fraud, the two-year statute of limitations applies from the time she discovered the fraud. We understand her petition to allege that she discovered the fraud in March, 1926. The action she filed in June, 1926, did not ask to have this deed canceled because of the fraud now alleged, but asked to have the deed construed as a mortgage. That could have been done irrespective of the fraud now alleged if the facts warranted it; hence, the pendency of that action did not toll the running of the statute of limitations in so far as it pertained to the relief sought on the grounds of the fraud now alleged. The first cause of action in the present petition is predicated entirely, or substantially so, upon the allegations of fraud, and the trial court correctly held it barred, for the reason that the fraud alleged could not be used as the basis of a cause of action. In addition to the fraud, however, the first cause of action did allege that the deed was without consideration, a matter that will be later noted.

Plaintiff's second cause of action was in ejectment, to which the fifteen-year statute of limitations applied. It was, however, tied up with the allegations of fraud in the first cause of action, and, so far as they were necessary to sustain this cause of action, it was barred. But if fraud which induced the execution of the deed was not essential to this cause of action it was not barred.

The third cause of action, for rents and profits, was also barred to the extent it was linked up with the allegations of fraud in the first cause of action.

The fourth cause of action was to quiet title generally. Generally speaking, they are never barred (*Cooper v. Rhea*, 82 Kan. 109, 107 Pac. 799), although relief may be denied sometimes because of the bar of the statute of limitations. Plaintiff did not allege she was in possession of the property, hence did not bring herself within R. S.

60-1801 relating to quieting title. But that section does not prohibit one out of possession from bringing an equitable action to quiet title in which all of the facts, so far as known to plaintiff, are set up. (*Grove v. Jennings,* 46 Kan. 366, 26 Pac. 738; *Westbrook v. Schmaus,* 51 Kan. 558, 32 Pac. 892.) This is what plaintiff did; hence the court correctly ruled a cause of action to quiet title was stated.

At the time of the ruling the court had before it not only plaintiff's petition, but defendant's answer and the evidence which had been offered, being the files and records in the former case. The court correctly observed that defendant having sought to quiet title, the question of which of the parties was in possession was of but little consequence, so far as the jurisdiction of the court was concerned. (*Reitz v. Cooper,* 123 Kan. 755, 256 Pac. 813.) The court also correctly ruled that the pleadings of both parties, as a whole, presented a controversy which should be determined, and even plaintiff's allegations of fraud might be used as a defense to defendant's effort to quiet title. Since the petition in the former case did not state a cause of action, the bringing and dismissal of that action has little, if any, effect upon the rights of the parties in this action.

The petition alleges that there was no consideration for the deed executed in December, 1918, and defendant's answer does not allege any consideration for this deed except the parol agreement made in February, 1920, about fourteen months after the deed was executed. Taking the pleadings as they stand, it must be held that the deed was not intended as a conveyance of title at the time it was executed, but that its only purpose, whether fraudulently executed or not, was additional evidence of the loan made at that time and then evidenced by a note and mortgage.

The ruling of the court below is affirmed.