No. 38,679

Larry Kent Crawford, a Minor, and Rosalie K. Crawford, a Minor, otherwise known as Rosalie Kay Crawford, by L. L. Kabler as Guardian and Next Friend of said Minors, *Appellees*, v. George W. Walrath, Beth Crawford Mitchell, et al. (Defendants), Beth Crawford Mitchell only, *Appellant.*

(247 P. 2d 457)

Opinion filed August 11, 1952.

*Theodore M. Metz,* of Lincoln, argued the cause and was on the briefs for the appellant.

*Robert L. NeSmith,* of Wichita, argued the cause, and *H. McCaslin,* of Osborne, and *Charles D. Anderson,* of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Wedell, J.: This action of two minors was instituted by their guardian to quiet title to two quarter sections of land. Only one of the numerous defendants, the mother of the minors, appealed from an adverse judgment. She concedes plaintiffs are the owners of an undivided three-fourths interest in the land but contends she is the owner of the other undivided one-fourth interest.

Appellant, Beth Crawford Mitchell, formerly Beth Crawford, appeals from an order sustaining appellees' motion for judgment on the pleadings consisting of a petition and answer and six exhibits which the parties stipulated to make a part of the pleadings without indicating to what particular pleading any of the exhibits should be

attached. The motion was based on the ground the pleadings as constituted disclosed defendant had no defense to the action.

The motion actually constituted a motion for judgment on the pleadings and the stipulations and will be so considered.

The petition was attempted to be framed in accordance with the statute authorizing quiet title actions, G. S. 1949, 60-1801. Appellant answered denying plaintiffs were in the exclusive possession of the premises, that they were the sole owners of the property and, in substance, further alleged:

R. K. Crawford died January 5, 1941, and was the owner of the property involved; his estate was administered and on final settlement the court decreed she was entitled to an undivided one-fourth interest in the real estate involved and has at all times had the ownership and possession of such interest.

Appellant's first contention is that since her answer contained a general and specific denials of the allegations of the petition she was entitled to a trial and that the motion was improperly sustained. Her denials could not militate against the stipulation facts. Evidence inconsistent therewith would not have been admissible. Moreover appellant directs our attention to no other evidence she might have introduced on the trial. Appellant likewise asked to have her title quieted. Under these circumstances a court has jurisdiction of the subject matter of the action and power to render such judgment as the fully disclosed facts required. (*Walker v. Rooney*, 135 Kan. 158, 9 P. 2d 973; *Axe v. Wilson*, 150 Kan. 794, 96 P. 2d 880.)

We shall next consider appellant's contention the court erred in concluding she had no interest in the lands involved and that the court should have held she had an undivided one-fourth interest therein. Six exhibits were attached to the pleadings by stipulations of the parties. They were (1) the will of R. K. Crawford, (2) a stipulation for a family settlement dated October 14, 1941, (3) a stipulation of property settlement between Robert and Beth in a divorce action filed by Robert, the stipulation being dated January 31, 1944, (4) a supplemental stipulation for final property settlement between Robert, Max, their wives and by the guardian of the minor children dated December 22, 1948, (5) a journal entry of the probate court of Lincoln county dated December 22, 1948, approving both family settlements and the settlement of property rights in the divorce action and (6) the journal entry of final settlement and distribution of the R. K. Crawford estate.

It will serve no useful purpose to include these various exhibits in the opinion. An abbreviated statement will suffice.

R. K. Crawford died in January, 1941, and his estate was administered in the probate court of Lincoln county. The testator had two sons who were his only heirs at law. They were Robert, Jr., to whom we shall refer as Robert, and Max. The pertinent part of the will reads:

"I give, devise, and bequeath to my son, Robert Crawford, for his use during his lifetime the following described real estate: [Description of land involved.] The said Robert Crawford to have a life estate only in said described land; and upon the death of the said Robert Crawford, then said lands shall go to my son, Max Crawford, if he be living, and if he be dead then to his heirs at law."

In addition to the remainder interest above mentioned the testator devised all the rest, residue and remainder of his property to Max. Some trouble arose concerning the will and it appeared it might be contested. In order to avoid such action Robert and his then wife, Beth Crawford, (to whom we shall hereafter refer as Beth) and Max and his wife, Vera, entered into a family settlement on October 14, 1941. In it Max and his wife agreed to convey to Robert or his heirs real estate equal to one third of the appraised value of the real estate which it would be determined belonged to the estate of R. K. Crawford at the time of final settlement thereof and likewise agreed to convey to Robert one third of the value of all personalty belonging to the testator at the time of final distribution of the estate. The selection of such real estate and personalty was left to Max. A pertinent provision in this first agreement reads:

"It is agreed that this contract does not convey to the said Robert Crawford an undivided one-third interest in the estate of R. K. Crawford, deceased, but it is a stipulation and contract by the said Max Crawford and Vera Crawford, his wife, to convey to the said Robert Crawford one-third value as above set out at the date of final distribution of said estate and the said Max Crawford reserves the right to designate and select what real estate he shall convey to the said Robert Crawford and what personal property shall be conveyed to said Robert Crawford and said property shall be taken at its appraised value regardless of face value thereof."

The next provision in this first agreement reads:

"It is further agreed that the property devised to the said Robert Crawford under the Last Will and Testament of R. K. Crawford shall be considered as a part of the one-third value according to its appraised value, but the said Max Crawford and Vera Crawford, his wife, agree to convey to the

children of Robert Crawford, their remainder interest in the real estate devised under said will to Robert Crawford."

In 1944 Robert instituted a divorce action against Beth. In the property settlement in such action Robert and Beth agreed as follows:

"It is further agreed that the said R. K. Crawford, Jr., shall and he does hereby transfer and assign to Beth Crawford, defendant herein, an undivided one-half interest in and to one contract dated October 14th, 1941, between Max Crawford and Vera Crawford, his wife, and the parties hereto. Said contract provided that said Max Crawford and Vera Crawford, his wife, should convey to the said Robert Crawford, Jr., an undivided one-third interest in and to all property, real and personal, belonging to the estate of R. K. Crawford, at the time of final distribution thereof. It is agreed that the said Beth Crawford, defendant, shall own an undivided one-half interest therein and shall be entitled to one-half of the property thereunder, both real and personal. It is however agreed that the real estate thereunder assigned to the defendant, Beth Crawford shall be conveyed one-half to Beth Crawford and one-half to Larry Kent Crawford and Rosalie K. Crawford."

The last two parties named in the preceding paragraph are the minor children of Robert and Beth and the appellees in the instant quiet title action.

Almost five years after the above mentioned divorce action, on December 22, 1948, Robert and Beth, Max and his wife, and L. L. Kabler, guardian of the two minor children of Robert and Beth, entered into a supplemental family property settlement and made the first family settlement of October 14, 1941, a part thereof. This second and last family settlement reviewed the two thirds interest in the property which Max was to receive and further stated:

"THAT Robert K. Crawford and Beth Crawford Mitchell were to have received and are entitled to an undivided one-third ($\frac{1}{3}$) interest in value of all of the property and assets of the estate of R. K. Crawford, deceased, which value is to be determined by and based upon the appraised value of such assets as disclosed by the inventory and appraisement now on file in the R. K. Crawford estate now pending and undetermined in the Probate Court of Lincoln County, Kansas, and which property was to have been and is to be selected and designated by Max Crawford, all as provided in said contract under date of October 14th, 1941, which is made a part hereof as aforesaid."

This last agreement of December 22, 1948, also recites:

"THAT THEREAFTER and on the 31st day of January, 1944, Robert K. Crawford and Beth Crawford (now Beth Crawford Mitchell) were at said time husband and wife and that at said time an action for divorce between them was pending undetermined and in the District Court of Lincoln County, Kansas, and for the purpose of settling and adjusting all of their property rights, they in said cause made and entered into a written contract wherein the said

Robert K. Crawford agreed to set over and assign to his then wife, Beth Crawford, an undivided one-half interest in and to a written contract, dated October 14th, 1941, between Max Crawford and Vera Crawford, his wife, and R. K. Crawford and Beth Crawford, which contract of October 14th, 1941, being the contract before referred to, and that upon such assignment Beth Crawford should convey one-half thereof of the real estate received by her to Larry Kent Crawford and Rosalie K. Crawford, children of R. K. Crawford and Beth Crawford, and that Max Crawford should divide and distribute to each the real estate to which they are entitled, that said contract dated January 31, 1944, is referred to and made a part hereof as fully as though set forth at length herein marked Exhibit 'B'.

"The Contract of October 14th, 1941, provides, among other things, that Max Crawford and Vera Crawford should convey by deed to the said Robert Crawford or his heirs, real estate equal to one-third of the appraised value of the real estate and personal property which should be determined to and belong to the estate at the time of final settlement thereof and it is the desire and wish of all of the parties hereto to advance said contract and that such selection and distribution may be made prior to the final settlement of the estate of R. K. Crawford, deceased.

"Therefore for the Purpose of Settling and Adjusting the Property Rights of said parties under and as provided by the respective contracts hereinbefore referred to and included herein Max Crawford does select and designate the real estate set out and hereto attached, marked Exhibit 'C' as being the one-third interest of the real estate, which he was obliged to convey to the parties herein under said contract."

The property here involved was listed in exhibit "C."

In the same last family settlement agreement of December 22, 1948, were contained also the following provisions:

"It Is Agreed by the Parties Hereto that Max Crawford and Vera Crawford, his wife, shall execute quit claim deeds to the properties set out in Exhibit 'C' for the grantees in said deeds to be blank, except the land in which the said Vera Crawford and Max Crawford agreed to convey their remainder interest to Larry Kent Crawford and Rosalie K. Crawford, as provided under contract dated October 14th, 1941, said deeds shall be deposited with the Clerk of the District Court of Lincoln County, Kansas, to remain in his possession until released by the Stipulation of the following named parties, Robert K. Crawford, Beth Crawford Mitchell and L. L. Kabler, Guardian of minors, their heirs, executors or assigns, or by judgment or order of a court of competent jurisdiction and such delivery by Max Crawford and Vera Crawford shall be considered as full compliance with their agreement to convey said real estate.

"It Is Further Stipulated that L. L. Kabler, Guardian of said minors, shall forthwith file application with the Probate Court of Kingman County, Kansas, for approval of this Stipulation on behalf of the minors Larry Kent Crawford and Rosalie K. Crawford and shall further have said Stipulation approved and judgment entered thereon in the District Court of Lincoln County, Kansas, in the action now pending in Case No. 5078 finding that Max Crawford has complied with the terms and provisions of the contracts referred to herein."

In conformity with the foregoing last family property settlement and on the same date, namely, December 22, 1948, all parties including the guardian for the minor children (appellees) appeared before the probate court to have the first family settlement agreement, the property settlement in the divorce decree and the last family settlement agreement approved and confirmed.

The first pertinent order of the probate court reads:

"The court after hearing the evidence and after fully examining said stipulation and family settlement finds that said family settlement is just and equitable and that said stipulation and family settlement should be and it is by the court approved, and that the property set out to the several parties in said stipulation ought to be and is hereby assigned by the court to said persons."

This order contains a description of the property which Max was to receive and which the court assigned to him. The order also contains the following:

"The court further finds that Robert K. Crawford, Jr., and Beth Crawford Mitchell, and Larry Kent Crawford and Rosalie K. Crawford, minors, are entitled to and are hereby assigned as their interest may appear in said stipulation the following described real estate: [Here follows description of various tracts of land including the lands here involved.]."

Approximately one year later, December 17, 1949, the probate court entered its final decree of settlement and distribution. In it the probate court recited that it had approved the family settlements on December 22, 1948. This order recites:

". . . all real estate belonging to the estate of R. K. Crawford, deceased, was duly assigned by the Court to the parties entitled thereto. That thereafter on October 11, 1949, the Probate Court of Kingman County, Kansas, duly approved said settlement on behalf of the minors herein named. The Court finds that said parties took possession of the real estate assigned respective persons and acknowledged the same to be their full distributive share of the real estate belonging to said estate."

This order further provided:

"It is therefore by the Court ordered, and adjudged and decreed that the distribution of personal property and the assignment of real estate made under said family settlements and order of this Court made December 22, 1948, be affirmed and be made a part of this final decree of settlement; that Max Crawford be re-assigned subject to any lawful disposition heretofore made, all the following described real estate, to-wit:

"(Thirty-four tracts of real estate are described which are not involved in this action.)

"That Robert K. Crawford, Jr., Beth Crawford Mitchell, Larry Kent Crawford and Rosalie K. Crawford be reassigned subject to any lawful disposition heretofore made the following real estate, to-wit: [Here follows description of various tracts of land including the lands here involved.]."

Appellant's contentions may be summarized as follows: Robert threatened to contest the will and as a result he and Beth, appellant, and Max and his wife entered into a family settlement agreement on October 14, 1941; by virtue of that agreement Robert was to receive full title to one third of the real property belonging to decedent's estate; (also one third of the personal property, which is not here involved) this one third was to be selected by Max and was to include the lands in which Robert received only a life estate under the will; (that is the property involved in this action) under the 1944 property settlement in the divorce action between Robert and Beth the latter was to receive one half of whatever property Robert was to receive according to the October, 1941, agreement; this agreement if carried out would have given Robert and Beth each an undivided one half interest in all of Robert's lands but by this agreement Beth was required to convey to their two children, Kent and Rosalie, one half of what she received from Robert under the 1944 contract; this agreement, if carried out, would leave Robert one half of the fee, Beth one fourth and the two children collectively one fourth of the fee; none of the probate court proceedings eliminated or cut down Beth's one fourth interest in the fee; the final decree of the probate court gave the property to Robert, Beth, Kent and Rosalie without designating any shares among them indicating that each was to receive an undivided one fourth interest; no appeal was taken from that decree; Robert died later, in 1951, and appellant retained her one fourth interest.

Appellant also emphasizes a paragraph in the last or supplemental family settlement agreement of December 22, 1948, which recites Robert and Beth received a one third interest in value of property belonging to decedent's estate; that the properties constituting such value were listed in exhibit "C" and this particular property was included therein but the fee title was not qualified.

On the other hand appellees, in substance, contend:

Under the 1941 agreement Robert was not to receive a full fee title in and to this particular property; he was to receive a fee title in and to all of the one third of decedent's estate *except* as to this particular property in which Robert was to receive only a life estate, the same as he would have received under the will; that Max and his wife, to whom the remainder interest in this property had been devised under the will, were expressly required in the 1941 contract to convey their remainder interest therein to these minors, as provided in the following paragraph of the 1941 contract:

"It is further agreed that the property devised to the said Robert Crawford under the Last Will and Testament of R. K. Crawford shall be considered as a part of the one-third value according to its appraised value, but the said Max Crawford and Vera Crawford, his wife, agree to convey to the children of Robert Crawford, *their remainder interest in the real estate devised under said will to Robert Crawford."* (Italics inserted.)

Appellees further, in substance, assert: Since Robert did not receive a fee title in and to this particular property by virtue of the 1941 agreement he had no fee title therein which he could convey to anyone; in the 1944 property settlement in the divorce action between Robert and Beth the former did not attempt to assign to Beth a one fourth interest in the fee to this particular property; in that agreement Robert assigned to appellant only an undivided one-half interest ". . . in and to one contract dated October 14th, 1941"; the 1944 contract also required that appellant assign one-half of the interest she had received from Robert to these two minors collectively; appellant, therefore, under the 1944 agreement received only a one-fourth interest in Robert's life estate in this particular property, which life estate was the only interest Robert had therein; the remainder interest of the minors in this property was not disturbed by the property settlement in the 1944 divorce action but was protected thereby as provided in the 1941 agreement; the 1941 and 1944 agreements were made a part of the subsequent 1948 family settlement which last agreement again expressly recognized the remainder interest of these minors "as provided under contract dated October 14th, 1941"; the 1941, the 1944 and the 1948 settlements were all made a part of and were approved by the probate court order of 1948 and also in the final decree of settlement and distribution; (see journal entry of December 22, 1948, and journal entry of decree and final settlement and distribution previously quoted) the interest of these minors was conveyed to them prior to December 17, 1949, the date of final settlement, as disclosed by the recital in the final decree; (see provisions in final decree previously quoted) upon termination of the life estate by Robert's death in 1951 these minors (appellees) became vested with the full fee title in and to this particular property as decreed by the district court in the instant quiet title action.

Appellees concede this property was described in exhibit "C" of the 1948 contract and that it was so included for the reason the 1941 contract provided this property should be "considered as a part of the one-third value" which Robert was to receive. They, however,

deny the 1948 contract did not recognize their remainder interest in this particular property. They direct attention to the fact that the 1948 agreement itself again required Max and his wife, Vera, to convey "their remainder interest" in this property to the minors "as provided under contract dated October 14th, 1941." They also direct attention to the same 1948 contract in which appellant agreed the deeds to the properties should be deposited and the probate court on December 22, 1948, approved that agreement. (See provisions in 1941 and 1948 agreements previously quoted.)

We thus have a full statement of the contentions made by the respective parties. Pertinent portions of the stipulated exhibits relied on by the parties have been set forth. We need not repeat them. The decision must depend upon an interpretation of the stipulated agreements and orders of the probate court. Upon examination and consideration thereof a majority of the court concludes appellant's contentions are substantially correct and that she has a one-fourth interest in the property involved.

The judgment of the district court is, therefore, reversed and the action is remanded with directions to enter judgment accordingly.

WEDELL, J. (dissenting): Studious consideration of the stipulations in this case convinces me it *at all times,* clearly was the intention of the appellant Beth, as well as that of all other parties, to protect *the remainder interest* of her and Robert's minor children, appellees, *in this particular property.* I also am persuaded the probate court correctly so interpreted the family settlements in approving them and in assigning the interests accordingly. The majority decision which defeats the intent of the parties and nullifies the judgment which protects the remainder interest of these minors in and to *this particular property,* in my opinion, is unsound. The death of Robert in 1951, after the 1949 decree of final settlement and distribution of the R. K. Crawford estate, terminated the life estate in this particular property and appellees became vested with the fee title therein.

A correct decision in this case can be reached only by a patient analysis of the instant record. I shall endeavor to go directly to the heart of appellant's contentions.

Her counsel states, "It was always intended since the settlement with Robert Crawford in appellant's divorce action that she [Beth] should be the owner of a one-fourth interest of this land. . . ."

How appellant logically can entertain such a belief with respect *to this particular property* I cannot comprehend. But I shall examine this and all of her other contentions. The property settlement in the divorce action occurred in 1944. Surely appellant's alleged belief cannot be derived from the first, the 1941 family property settlement or from the 1944 property settlement in the divorce action between her and Robert, the parents of these minors.

Appellant's position is based on a wholly erroneous initial concept which fails to distinguish between Robert's life estate in and *to this particular property* in which these minors claim they received a remainder interest and the fee title Robert received in and to *all other properties* from his father's estate. The title to the last mentioned properties is not in litigation here. The only question now is whether these minors obtained a remainder interest in the particular property here involved. Appellant's second fallacious contention is that the 1941 family settlement agreement gave Robert a fee title in and to all the property he was to receive as his one-third of his father's estate, including this particular property. Appellant's third and equally unsound argument is that the property settlement in the 1944 divorce action between her and Robert gave her a one-fourth interest *in the fee title to this particular property.* Appellant's fourth invalid claim is that she received a one-fourth interest in the fee title to this property by virtue of the final decree of the probate court. I shall treat these claims in the order stated.

The will gave Robert "a life estate only" in this property. The remainder was' devised to his brother, Max, if he was living and if he were dead, to his heirs at law. The 1941 family settlement was made to prevent a will contest action and to obtain a peaceable family settlement of their father's estate. The 1941 contract gave Robert one-third of his father's estate in which was to be included this particular property in which the will gave Robert a life estate only. The 1941 agreement expressly gave these minors the remainder interest in this particular property. Robert, therefore, had no *fee title in this property* to convey to anyone. (See will and 1941 contract set forth in majority opinion.)

Under the next, the 1944 property settlement in the divorce action, what was Robert to convey to Beth? It was not an interest *in the fee* to this property. It was "an undivided one-half interest in and to one contract dated October 14th, 1941." (See provision in 1944 contract in majority opinion.) In that contract, as stated, Robert

had "a life estate only" in this property. Beth, therefore, received only a one-half interest in Robert's life estate and not in the fee *to this property* and under the 1944 contract Beth was required to convey to these two minors one-half of the interest she received from Robert. Manifestly, Beth is wrong in contending she received a one-fourth interest *in the fee title to this particular property,* by virtue of the 1944 property settlement in the divorce action.

The 1944 contract clearly left the remainder interest in this particular property in the minor children. Robert, however, was to receive many other properties under the 1941 contract. In such other properties Robert did have a fee title when he contracted with Beth in 1944. As to such other properties Robert, in the 1944 contract, did convey one-half of those properties to Beth but Beth was required to convey one-half of what she received to these minor children. It follows that as to those other properties in which Robert had the fee title he retained a one-half interest in the fee and Beth received a one-fourth interest *in the fee* and these two minors collectively a one-fourth interest *in the fee.*

Let us now examine the next instrument, the last or supplemental family settlement agreement of December 22, 1948.

Appellant, in my opinion, erroneously contends that since this property was described in exhibit "C" of the 1948 agreement as the property which Max was required to convey to *Robert and Beth,* the latter received the fee title therein. Obviously this contention is entirely unsound. It is true this property of necessity was described in exhibit "C" for the reason Robert had a life estate therein and his children the remainder interest. These interests together constituted the full title to this particular property. This property under the 1941 contract, as already shown, was to be considered as a part of the one-third value of the properties in which the other son, Max, was to have no interest and the 1941 contract was made a part of the 1948 family settlement and a part of the December 17, 1949, final decree. Of course, this property was listed in exhibit "C" as being a part of the one-third value of the estate which Robert was to receive under the 1941 contract and which the 1948 agreement says Robert and Beth were to receive.

It, however, will unmistakenly appear neither appellant nor anyone else ever intended Robert under the 1941 agreement, nor Robert and Beth together under the 1948 agreement, should obtain the fee title *to this particular property* and thus deprive their children

of the remainder interest therein. Precisely the contrary appears. (See provisions in 1941 and 1948 family settlement agreements set forth in majority opinion which clearly recognized the minors' remainder interest.)

It should be remembered appellant and all others again interpreted the 1944 contract in the 1948 agreement and plainly stated that the interest Robert conveyed to appellant in the 1944 contract was part of the interest Robert had ". . . in and to a written contract, dated October 14th, 1941," which as shown was a life estate only in this particular property.

If appellant had the remotest idea that Robert, under the 1941 contract, should receive the fee title to this particular property or that she received a one-fourth interest in the fee thereto by virtue of her property settlement in the 1944 divorce action, why did she thereafter in the last 1948 family property settlement expressly recognize the children's *remainder interest* in this property? Her plain and unequivocal recognition of that interest in these minors is beyond dispute. This provision in the 1948 agreement reads:

"IT IS AGREED BY THE PARTIES HERETO that Max Crawford and Vera Crawford, his wife, shall execute quit claim deeds to the properties set out in Exhibit 'C' for the grantees in said deeds to be blank, *except the land in which the said Vera Crawford and Max Crawford agreed to convey their remainder interest to Larry Kent Crawford and Rosalie K. Crawford, as provided under contract dated October 14th, 1941,* said deeds shall be deposited with the Clerk of the District Court of Lincoln County, Kansas, to remain in his possession until released by the STIPULATION of the following named parties, Robert K. Crawford, Beth Crawford Mitchell and L. L. Kabler, Guardian of minors, their heirs, executors or assigns, or by judgment or order of a court of competent jurisdiction *and such delivery by Max Crawford and Vera Crawford shall be considered as full compliance with their agreement to convey said real estate."* (Italics inserted.)

Now what did the probate court do about the foregoing December 22, 1948, stipulation in which appellant, and all others, recognized the remainder interest of these minors in this property and in which all parties demanded that the deed to their remainder interest be executed and deposited? The answer is found in the following finding of fact:

"The court further finds that Robert K. Crawford, Jr., and Beth Crawford Mitchell, and Larry Kent Crawford and Rosalie K. Crawford, minors, are entitled to and *are hereby assigned as their interest may appear in said stipulation* the following described real estate: [Here follows description of various tracts of land including the lands here involved.]." (Italics inserted.)

The interest the minors were to receive under the 1948 family stipulation in this property, as already indicated, clearly included the remainder interest in this property. And that is not all that occurred.

The judgment rendered December 22, 1948, on the same day the 1948 stipulation was presented to the probate court for approval, was:

"It is therefore by the court ordered, adjudged and decreed, that said family settlement *be approved and confirmed, that the real estate hereinbefore described be, and it is hereby assigned to the parties as hereinbefore set out; and the stipulation and family settlement filed herein be, and it is hereby approved and confirmed.*" (Italics inserted.)

The 1948 agreement and the foregoing order assigning these interests were made a part of the 1949 decree of final settlement and distribution. (See 1948 judgment and 1949 final decree set forth in majority opinion.)

It is, therefore, plain the remainder interest of the minors was protected by appellant's own 1948 stipulation of family settlement, by the 1948 judgment and by the 1949 decree of final settlement and distribution. Appellant has not appealed from either of those judgments and the time for an appeal from both has expired.

But the foregoing obviously is not all that must be noted concerning appellant's belated and inconsistent contention that she believed she had a one-fourth interest in the fee title to this particular property after the 1944 property settlement in the divorce action. If she believed she had such an interest in the fee title to this property, why did she further join in the 1948, the last family settlement agreement, with all other interested parties *in directing the guardian of these minors* to have all their interests, as stipulated in 1948, settled *forthwith* by judgment in probate and district courts? The direction to the guardian in the concluding paragraph of the 1948 agreement was:

"It Is Further Stipulated that L. L. Kabler, Guardian of said minors, shall *forthwith* file application with the Probate Court of Kingman County, Kansas, for approval of the Stipulation *on behalf of the minors Larry Kent Crawford and Rosalie K. Crawford* and shall further have said Stipulation approved and judgment entered thereon in the District court of Lincoln County, Kansas, in the action now pending in Case No. 5078 finding that Max Crawford has complied with the terms and provisions of the contracts referred to herein." (Italics inserted.)

Obviously I need not further labor appellant's wholly inconsistent contention she believed since 1944 she had a one-fourth interest in the

*fee title* to this particular property and, of course, she had no interest whatever in the fee title *to this property.* She had only a one-fourth interest in the *life estate* therein. Irrespective, however, of what she now says she believed since 1944, her own 1948 family settlement agreement and the order she requested the probate court to make, and which it made on behalf of these minors, conclusively disprove her contention that these minors did not always retain their remainder interest in this property. The minors laid no claim to a remainder interest in any other property and consequently there was and is no occasion for confusion as to the particular property in which the 1948 agreement and judgment and the final decree recognized their remainder interest.

Surely a person should not be allowed to invoke the jurisdiction of a court to approve and reduce to judgment forthwith her own agreement to give her minor children a remainder interest in certain property and thereafter be permitted to repudiate the court's judgment approving and assigning such interest to them. Naturally the district court was not impressed in this quiet title action with appellant's attempt thus to deprive her own minor children of their remainder interest. Neither am I. Appellant was a party to every contract here involved which included the 1941, 1944 and 1948 agreements and to every judgment rendered approving her agreements.

I come now to appellant's last contention. How does she finally attempt to circumvent her own agreements and the judgments rendered pursuant thereto in which the minors' remainder interest had been assigned to them? She contends the decree of final settlement and distribution made December 17, 1949, constitutes an assignment to her of a one-fourth interest in the fee title to this property. It is my opinion the legal effect of the final decree, when properly considered in its entirety, cannot possibly be so construed. It is true in the final order of settlement and distribution the probate court did not set forth the exact fractional interest each of the parties was to receive in the various properties. The court, however, in its final decree, did clearly and unmistakenly specify the interests of the parties by reference to the family settlements and to its order of December 22, 1948, in which it previously had assigned the interests in the real estate in accordance with the family settlements. That part of the final 1949 decree reads:

"It is therefore by the Court ordered, and adjudged and decreed that the

distribution of personal property *and the assignment of real estate made under said family settlements and order of this Court made December 22, 1948, be affirmed and be made a part of this final decree of settlement. . . ."* (Italics inserted.)

In support of appellant's last contention that she obtained a one-fourth interest in the fee title to this property by the 1949 decree of final settlement she completely ignores her own agreement of 1948, the court's judgment of 1948 approving her agreement which was made a part of the 1949 decree and relies on only one part of a single isolated paragraph of the 1949 final decree which reads:

"That Robert K. Crawford, Jr., Beth Crawford Mitchell, Larry Kent Crawford and Rosalie K. Crawford be reassigned *subject to any lawful disposition heretofore made* the following real estate, to wit: [Here follows description of various tracts of land including the lands here involved.]" (Italics inserted.)

Attention should be directed to the above italicized phrase of the assignment which appellant also ignores and which I shall treat presently. Before doing that, however, it should be observed appellant contends that since this one paragraph of the decree did not specify the exact fractional interest each of the four parties therein named was to receive that each of them therefore received a one-fourth interest in all the properties thereunder described and thus *wiped out the minors' remainder interest in this particular property.* This contention, in my opinion, just cannot be sustained.

In appellant's reliance on this single isolated order of the final decree she ignores the fact that it does not purport to be, and cannot be construed to be, an absolute assignment to the four persons therein named but is a qualified assignment as the italicized portion thereof clearly indicates. It expressly states the property is *reassigned* to the parties named ". . . subject to any lawful disposition heretofore made." I already have indicated disposition of the interests of the parties, including the remainder interest to the minors, previously had been made by assignment in the judgment of December 22, 1948. It also should be observed the assignment of interests of the various parties was made in advance of the 1949 final settlement at the special instance and request of all the parties in the final family settlement agreement of December 22, 1948. (See that agreement set forth in majority opinion.) Moreover, the 1949 journal entry of final settlement and distribution itself plainly recites disposition of the various interests to the respective parties had been made before December 17, 1949, the date of final settlement, pursuant to the judgment of December 22, 1948.

In referring to the stipulation of family settlement dated December 22, 1948, the final decree of 1949 recites:

"Said stipulation was dated December 22, 1948, and was duly approved by the Probate Court of Lincoln County, Kansas, December 22, 1948, and all real estate belonging to the estate of R. K. Crawford, deceased, *was duly assigned by the Court to the parties entitled thereto. That hereafter on October 11, 1949, the Probate Court of Kingman County, Kansas, duly approved said settlement on behalf of the minors herein named.* The Court finds that said parties took possession of the real estate assigned respective persons *and acknowledged the same to be their full distributive share of the real estate belonging to said estate."* (Italics inserted.)

There has been no appeal from the judgment of December 22, 1948, or from the 1949 final decree. Appellant cannot now be heard to say disposition of the remainder interest had not been made to these minors previously and in conformity with the qualifying phrase of the final decree.

Here the qualifying phrase was most significant and meaningful for another obvious reason. The interests previously assigned to the four persons named in the above order were not the same in the various and numerous properties listed under that order. The difference in the interests has been stated herein under the discussion of the 1944 property settlement in the divorce action and need not be repeated here.

Manifestly in view of the probate court's disposition of the different interests of the parties in these various properties prior to the 1949 decree of final settlement of the estate the intent and purpose of the qualifying phrase in the final decree to wit, ". . . subject to any lawful disposition heretofore made," is too clear and pertinent to be ignored. A single isolated paragraph of a court's decree never should be construed alone with a view of defeating the intent of a decree. All of its provisions should be considered and construed together with a view of harmonizing them and making the true intent of the decree effective. This rule applies with even greater force where a party attempts to defeat the intent of a decree, as here, by ignoring a qualifying phrase of a single sentence in a decree.

By giving force and effect to the qualifying phrase, as courts should, all provisions of the decree of final settlement and distribution remain in complete harmony and the clear intention of appellant, and of all other interested parties, to assign the remainder interest in this particular property to these minors is made effective. On the other hand failure to recognize and enforce the obvious

intent and purpose of the qualifying phrase completely repudiates appellant's own intent, as plainly disclosed by her 1948 agreement to protect the remainder interest of these minors in this particular property, and that is not all. To ignore that phrase also nullifies the 1948 judgment approving appellant's agreement, the court's previous distribution of all interests in conformity with her agreements and also the 1949 decree of final settlement and distribution. The final decree was made in harmony with and pursuant to the court's previous disposition of all interests. Appellant cannot nullify her own agreements and the judgments which approved and confirmed her agreements in order to defeat the remainder interest of her minor children in this property.

Upon the death of Robert, their father, in 1951, the life estate terminated and the district court, in my opinion, properly concluded these minors acquired the fee simple title in and to the particular property here involved.

SMITH and PRICE, JJ., join in the foregoing dissenting opinion.