No. 39,839

MID AMERICAN OIL COMPANY, a Corporation, *Appellant*, v. JOHN F. WINDUS and BETTIE WINDUS, his wife; ARTHUR E. WINDUS and ANNA E. WINDUS, his wife; JESSE D. GROVE and KATIE MAE GROVE, his wife; JOE E. DENHAM; STANLEY MARSH, JR.; C. RICHARD WAGNER; H. D. RUPP; CHARLES C. THEIS; THE ROCK HILL OIL COMPANY; PANOMA CORPORATION; SHAMROCK OIL AND GAS CORPORATION; the unknown heirs, executors, administrators, devisees, trustees, creditors and assigns of such of the defendants as may be deceased; the unknown spouses of the defendants; the unknown officers, successors, trustees, creditors and assigns of such defendants as are existing, dissolved or dormant corporations; the unknown executors, administrators, trustees, creditors, successors and assigns of such of the defendants as are or were partners or in partnership; and the unknown guardians and trustees of such of the defendants as are minors or are in anywise under legal disability, *Appellees*.

(290 P. 2d 102)

Opinion filed November 12, 1955.

*Harold S. Herd*, of Coldwater, argued the cause and was on the briefs for the appellant.

*Charles Vance*, of Liberal, argued the cause and *J. T. Botts*, of Coldwater, and *H. Hobble, Jr.* and *Chester A. Nordling*, both of Liberal, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to quiet the title to real estate. The appeal is from an order of the district court sustaining the demurrer of three of the defendants to plaintiff's evidence.

The action was against several defendants. The amended petition alleged plaintiff was the actual owner of and in quiet and peaceful possession of the described real estate; that the defendants claimed

some interest in it adverse to plaintiff, the nature of which claims were unknown to it; that these claims were inferior to the title of the plaintiff, constituted a cloud upon its title and the action was brought for the purpose of determining the title and interest of each of them, and for removing the cloud existing by virtue of such claims. The prayer was that the defendants be required to set forth the nature of their claims, that they be determined by the decree of the court and that the title of the plaintiff be forever quieted against all adverse claims of the defendants.

A number of defendants filed answers and cross petitions. The Rock Hill Oil Company answered by a general denial. It also filed a cross petition in which it set up an oil and gas lease upon part of the property described under date of April 11, 1952. It prayed that the defendants take nothing as against it and that its title be quieted against the plaintiff and all the other defendants except one, and it be declared to be the owner of the leasehold estate. That is, it prayed in its cross petition for affirmative relief.

The Shamrock Oil and Gas Corporation in its answer denied generally the allegations of the petition, alleged that it was the owner of an oil and gas lease and prayed that the plaintiff take nothing. That is, it did not ask for any affirmative relief.

Jesse D. Grove and Katie Mae Grove filed first a general denial. They then referred to the warranty deed to part of the land and also set up the statute of limitations. They asked no affirmative relief.

Arthur E. Windus and Anna E. Windus, husband and wife, set out first a general denial. They then referred to a tax deed and asked no affirmative relief.

Charles C. Theis filed a general denial by way of answer; then in a cross petition referred to an oil and gas lease and asked that his title be quieted.

For a reply the plaintiff denied all new matter and alleged the tax deed relied upon by Mr. and Mrs. Windus did not convey any interest to them for the reason that it was void on its face. At the trial the plaintiff introduced the mineral deeds under which it claimed ownership, and rested.

The defendants demurred to this evidence on the ground it did not prove or tend to prove facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants. This demurrer was sustained as to Arthur E. Windus and Anna E. Windus, Jesse D. Grove and Katie Grove, Richard Wagner and

The Shamrock Oil and Gas Corporation, and overruled as to Charles C. Theis and The Rockhill Oil Company.

The plaintiff has appealed from the order sustaining this demurrer.

' The theory upon which the trial court acted was that the plaintiff did not prove it was in possession of the real estate. Plaintiff concedes this, but argues the action was not a statutory one but was a bill in equity. There are two methods of quieting title to real estate, one is a statutory action, pursuant to G. S. 1953 Supp. 60-1801 and the other a bill in equity.

The above section provides as follows:

"An action may be brought by any person in possession by himself or tenant of real property or any estate or interest created by an oil, gas or mineral lease or an oil or gas royalty, against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse estate or interest."

Plaintiff's amended petition stated it was the actual owner and in quiet and peaceful possession of the real estate in question; that defendants claimed some right or estate in it adverse to the plaintiff and inferior to plaintiff's interest and asked that defendants be forever barred from asserting any right or interest. Plaintiff argues that when the defendants set out their claim to title, including the tax deed pleaded by Jesse and Katie Grove, and plaintiff then replied admitting the tax deed but alleging it to be void, under equity practice and independent of the statute a good cause of action was pleaded and the pleading of the tax deed by defendants relieved plaintiff of any necessity for further pleading or proof. We are unable to follow plaintiff in this argument.

*Douglass v. Nuzum,* 16 Kan. 515, was an early decision on this point. The fourth syllabus in that opinion holds:

"Equity will not, upon the mere allegation of the existence of an adverse claim, examine its nature and extent, and determine as to its sufficiency."

Following that rule and after examining the amended petition and the other pleadings, we hold the plaintiff commenced this action under the statute, G. S. 1953 Supp. 60-1801.

Having reached that conclusion we must decide whether the proof offered by plaintiff met the requirements under the statute. The proof offered was the three deeds to it, nothing more. No proof whatever as to plaintiff's being in possession.

From the beginning, we have held in order to sustain an action

to quiet title under the statute a plaintiff must plead and prove actual possession. ( See *Eaton v. Giles,* 5 Kan. 24. )

There is a situation, however, where possession by the plaintiff is not decisive. That is where the defendant has also alleged that he was in possession and prayed that his title be quieted. ( See *Reitz v. Cooper,* 123 Kan. 755, 256 Pac. 813. ) There we held:

"In an action to quiet title under our statute ( R. S. 60-1801 ), where plaintiff alleges that he is in possession, the filing of a cross petition by defendant in which he alleges he is in possession, praying that his title be quieted, confers jurisdiction on a court to determine the question of title as between the parties and to grant relief to the party entitled thereto, irrespective of whether plaintiff or defendant was in possession."

In *Robinson v. Mutchmore,* 128 Kan. 419, 278 Pac. 18, we considered an action where the plaintiff had alleged possession and had failed to prove it. The defendant had filed a general denial and had asked for no affirmative relief. We remarked that *Eaton v. Giles,* supra, had never been departed from, pointed out that in *Reitz v. Cooper,* supra, defendant had asked that his title be quieted, and held:

"The proceedings considered in a statutory action to quiet title, and *held,* plaintiff was properly denied relief because he failed to prove he was in actual possession of the land, by himself or his tenant."

See, also, *Walker v. Rooney,* 135 Kan. 158, 9 P. 2d 973.

The defendants in this action, whose demurrer to the evidence was sustained, did not ask for any affirmative relief—hence the plaintiff had the burden of proving possession as far as the cause of action against them was concerned. Their demurrer to plaintiff's evidence was properly sustained.

The judgment of the trial court is affirmed.